# Harrison *v.* The State.

## Indictment for Murder.

1. *Challenge of juror having fixed opinion against capital or penitentiary punishment, and waiver ·of right.*—The State may challenge for cause a person summoned as a juror, in a case which may be punished capitally or by imprisonment in the penitentiary, who states that he thinks a conviction should not be had on circumstantial evidence (Code § 4883); but the right of challenge on that ground is not extended to the defendant, nor can he complain of the waiver of the right by the State.

2. *Threats by defendant; admissibility as evidence.*—Threats made by the defendant against the deceased, or against a class to which the deceased belonged, and *prima facie* referable to him, though his name was not mentioned, are competent and admissible as evidence against him, and it is for the jury to determine whether they, in fact, had reference to the deceased.

3. *Charge asked and refused, but not shown to have been asked in writing.*—Charges asked and refused must be shown to have been asked in writing, else this court will presume that they were not in writing, and were refused on that account.

FROM the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The defendant in this case, Noah Harrison (or Harris), was indicted for the murder of Abe (or Adolph) Anthony, by shooting him with a pistol; was tried on issue joined on the plea of not guilty, convicted of murder in the second degree, and sentenced to the penitentiary for the term of ten years, as on the former trial.—78 Ala. 5. In the organization of the jury, as the bill of exceptions states, "a number of persons were called as jurors, who said they would not convict on circumstantial evidence, and who were, on that account, challenged for cause by the State. Another juror was afterwards called, who said that he would not convict on circumstantial evidence; but the State, against the objection of the defendant, waived this cause of challenge, and the court forced the

[Harrison v. The State.]

defendant to pass upon the juror; to which the defendant excepted, and challenged the juror."

The bill of exceptions states that "the evidence was conflicting, and the witnesses contradicted each other;" but it does not purport to set out all the evidence. The killing occurred on a Tuesday night, at a church which the parties attended, the deceased being in company with one Henry Allen, and the defendant with Ben McCall. "The testimony showed that the defendant and the deceased never had any difficulty with each other, and, in fact, were not even acquainted with each other, prior to the time of the killing; and there was no testimony showing that McCall ever had a difficulty with the deceased." But it was shown that a difficulty had taken place, a few nights previously, between the defendant and said Allen, at a "surprise party," as it is called; that Allen, in company with the deceased, saw the defendant on the street the next day, and pointed him out as the man with whom he had had the difficulty, or as "the man who had drawn a pistol on him at the surprise party;" and the evidence tended to show that the difficulty at the church wss a renewal of the former quarrel, or grew out of it by the active instigation of McCall and the deceased as the friends of the defendant and Allen. The parties went out of the church during the services, and meeting on the pavement in front, as some of the witnesses testified, "as soon as Anthony touched the bottom step, Harrison shot him;" while others testified, that, after using abusive words to each other, "Harrison ran down the steps, pursued by Anthony, who put his hand to his pistol-pocket behind, and called on two men to stop Harrison; and that he was in the act of cocking his pistol, saying, '*I have got you now*,' when Harrison wheeled and fired." The State introduced several witnesses, who were allowed to testify, against the objections of the defendant, to declarations or threats made by the defendant, as follows : Alice Fleming testified, that she heard the defendant, on the afternoon of the Sunday on which the killing occurred, say to another negro man, whom she did not know, "*Didn't get him last night; we will get him to-night.*" Jeff Wesley stated, that he heard the defendant say to another negro man, on that Sunday morning, "*I am going to take my pop with me to-morrow morning, and if I meet him, I will give him the contents of it.*" Amelia James, that on the Friday night before the killing, she heard the defendant say to another person, "*If you call him out, I'll crack down on him,*" she being then separated from them by a thin partition. Henry Benoit, that he heard the defendant say, on Sunday before the killing, "*There was one Mobile son of a b— he was going to kill.*" To the admission of these several threats as evidence the de-

[Harrison v. The State.]

fendant objected, because it was not shown that they had reference to the deceased, and because they were otherwise irrelevant and illegal; and he duly excepted to the overruling of his several objections.

"The defendant asked the court to charge the jury as follows: 'It is the duty of the jury to reconcile all the evidence, if they can, with the theory that all the witnesses have spoken truly in every respect; but, if they find that there is a conflict in any portion of the evidence, and, upon the consideration of the whole evidence, entertain a reasonable doubt of the truth of that evidence, they should give the defendant the benefit of that doubt; if the evidence about the truth of which they entertain a reasonable doubt is favorable to the defendant, they should give him the benefit of that doubt, and treat that portion of the evidence as true; and if such portion is adverse to the defendant, they will still give him the benefit of the doubt, and discard such evidence from their consideration.' The court refused to give this charge, and the defendant excepted."

L. B. SHELDON, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—That a person, summoned and called as a juror on the trial of an offense which may be punished capitally, or by imprisonment in the penitentiary, thinks that a conviction should not be had on circumstantial evidence, is made by statute a good cause of challenge *by the State;* but the right is not extended to the defendant, and may be waived by the State. By electing to challenge one or more persons for such cause, the State is not estopped from waiving the same cause of challenge as to any person who may be subsequently drawn as a juror. The defendant has no cause of complaint, if the State forbears to exercise the right to challenge any juror for the cause mentioned.—Code, § 4883; *Murphy v. State*, 37 Ala. 142.

Evidence of threats made by the accused is admissible to show his *animus* at the time of committing the offense. To be admissible, they must indicate a purpose to do some particular persons an injury, or must be expressions of ill-will or hate towards a class, of which the deceased is one; and must be capable of such construction as to show reference to the deceased. Where the threats are capable of being so construed, considered in connection with the other evidence, although no particular person is specially designated, and are not so far removed from the inquiry involved in the issue before the jury as to give no aid or direction in determining that issue, they

[Hull v. The State.]

are admissible ; and their reference to the deceased is a question for the jury, to be determined on the whole evidence. The bill of exceptions does not purport to set out all the evidence ; and in such case, every reasonable intendment in favor of the ruling of the court will be indulged. The threats, to which objection was made, fall within the rule of admissibility, their reference to the deceased being left to the consideration of the jury.—*Ford v. State*, 71 Ala. 385 ; *Jones v. State*, 76 Ala. 8.

The record does not show that the charge requested by the defendant, and refused by the court, was asked in writing. The court is not required to give any charge, not requested in writing; and we will not presume the charge was in writing, in order to put the court in error. This fact not appearing, we can not consider the charge, even if it be conceded that it asserts a correct legal proposition, as to which we express no opinion.— *Winslow v. State*, 76 Ala. 42.

Affirmed.