CASE 57—ACTION ON A POLICY OF LIFE INSURANCE—NOV. 22.

# Manhattan Life Ins. Co. v. Myers.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

LIFE INSURANCE—APPLICATION AS PART OF POLICY—FAILURE TO PAY PREMIUM IN ADVANCE—DEFAULT IN PAYMENT OF PREMIUM NOTE —DECLARATIONS OF HUSBAND AS EVIDENCE AGAINST · WIFE.

Held:   1. Under Kentucky Statutes, sections 656, 679, a policy of life insurance must contain the entire contract, and stipulations in the application can not be relied on to defeat a recovery on the policy unless the application is attached to the policy.

2. Where a policy recites that it is issued in consideration of the annual premium "to be paid in advance to the company," the beneficiary, to establish a prima facie right to recover, must show that the premium had been paid; and it is not sufficient to show the execution of a note for the amount reciting that it is accepted on condition that, if not paid at maturity, the policy shall be void.

3 Insured made a payment on the first premium, and for the balance executed three notes maturing at different times, each stipulating that, if not paid at maturity, the policy should be void. Failing to pay the first note at maturity, he was reinstated upon his application, after furnishing a health certificate. The day the second note was due the agent told him the policy would be void if the note was not paid, and he said he knew it, but would have to let the policy go; and thereafter he told the agent he was sorry to let the policy lapse. Payment of the third note was not demanded, but it was returned to the company by the agent, with direction to cancel the policy. Held, that the policy was forfeited, though no further notice was given insured.

4. The declarations of insured tending to show that he had abandoned his policy are admissible against the beneficiary, though she was his wife.

HENRY W. BURNETT, ATTORNEY FOR APPELLANT.

1. On the 28th of January, 1897, the decedent, Wm. E. Myers, applied for and received from appellant two policies on his life, one for $1,200, and the other for $1,000. He paid one-fourth of

premium in advance, and executed his six certain promissory notes, each note being for one-fourth of the premiums, for one of the two respective policies. The notes were payable in two, four, and six months from January 28, 1897, and in each note it was specified that "if this note be not paid at maturity said policy shall be void." On March 28, 1897, the two first notes became due and were presented to Myers, who failed to pay them, and it was then explained to him that his failure to pay the notes would cause the policies to become void. He afterwards, by consent of the company, paid the notes, which were accepted by the company on his giving a health certificate. On the 28th of May, 1897, when the two second notes became due, they were presented to him and payment requested, and he said he had received notice for the payment of them, but that he could not pay them. He said he understood that his failure to pay, rendered the policies void, but that he could not pay the notes—that he was not able to keep them up, and would have to let them drop. The notes were returned to the company and they were marked canceled, and the policies were also marked canceled on the office register, and there was no further communication between the company and Mr. Myers at all. up to his death, which occurred in November, 1897, except that two or three weeks after the 28th of May, 1897, Myers met Mr. J. Henry Powell, State agent of appellant, and told him that he regretted that he had been compelled to let his policies go. When the third and last two notes became due, on 28th of July, 1897, they were not even sent out to Paducah to the local agents for collection. The foregoing facts are undisputed.

2. By the express terms of the contract, as admitted in all the pleadings, the policy lapsed or became void, by reason of the non-payment of premium notes. But the plaintiff, who is the beneficiary of the policies, claims that the policy did not lapse because the company waived the conditions expressed in the premium notes: First, by accepting the notes in full liquidation of the premium, and, second, by not returning the notes to the insured after maturity. Third, by retaining the notes as evidences of debt against the insured, but without alleging in this regard that the defendant did any affirmative act evidencing its intention to hold said notes as debts against the plaintiff.

3. Upon this showing, appellant contends that the lower court instead of giving peremptory instructions to the jury to find for the plaintiff, should have given peremptory instructions to find for the defendant.

## AUTHORITIES CITED.

St. Louis Mutual Life Insurance Co. v. Brigsby, 10 Bush., 315; Moreland v. Union Central Life Ins. Co., 20 Ky. Law Rep., 435; Union Cen. Life Ins. Co. v. Duval, 20 Ky. Law Rep., 443; Manhattan Life Ins. Co. v. Pentecost, 20 Ky. Law Rep., 1442; Baker v. Union Life Ins. Co., 43 N. Y., 283; Thompson v. Knickerbocker Ins. Co., 104 U. S., 252; Pitts v. Berkshire Ins. Co., 100 Mass., 500; Catoir v. Am. Ins. Co., 33 N. J., 487; Bacon on Ben. So. & Life Ins., sec. 372, and cases cited; McConnell v. Prov. Sav. Life Assurance Socity, 92 Fed. Rep., 771; Montgomery v. Mut. Life Ins. Co., 14 Bush., 51; Bane v. Trav. Ins. Co., 85 Ky., 683. Punctuality of payment of premiums on premium notes, is of the essence of such contracts. New York Life v. Statham, 93 U. S., 24, 30, 31; Klein v. Ins. Co., 104 U. S., 88, 91; Thompson v. Ins. Co., *supra;* Smith v. Mut. Life, 63 Fed. Rep., 769; Holly v. Met. Co., 105 N. Y., 437, 443, 444; Fowler v. Met. Co., 116 N. Y., 389, 394; Hexter v. Ins. Co., 91 Ky., 360; Richardson v. Ins. Co., 14 Ky. Law Rep., 187; Con. Ins. Co. v. Coons, 14 Ky. Law Rep., 110; Story's Equity, 1320.

LIGHTFOOT & CRICE AND SAM HOUSTON, ATTORNEYS FOR APPELLEE.

## SYNOPSIS AND AUTHORITIES CITED.

1. The policies on their face recite and require the first annual premium to be paid in advance before the delivery of the policies, and the company is estopped from denying its own statements and recitations in its own policies for the purpose of nullifying and destroying them to avoid its liability created by them. Gordon's Heirs v. Gordon, 1 Met., 287-288; Ill. Cen. Ins. Co. v. Wolf, 37 Ill., 354; Home, &c. v. Gilman, 112 Ind., 7; Farnam v. Phoenix Ins. Co., 83 Cal., 246.

2. The forfeiture clause in the premium notes (not being expressed in, nor attached to, nor referred to by the policies), is void. Ky. Stats., secs. 656, 679.

3. Section 656, Kentucky Statute, imposes a penalty for the violation of its provisions; Commonwealth of Kentucky v. Equitable Life Assurance Society of the U. S., 100 Ky., 341.

4 All contracts which are made in violation of a penal statute are as absolutely void as if the law had in so many words declared them to be so. Smith v. Robertson, &c., 20 Ky. Law Rep., 1959-1961, and cases cited; Youngblood v. Birmingham Trust Co., 95 Ala., 521; Moog v. Hammonds' Admr., 93 Ala., 503; 25 Am. Rep., 675.

5. The policies should be construed most favorable to the assured. Mutual Benefit Life Ins. Co. of Newark, N. J. V. Dunn, 21 Ky. Law Rep., 213-216.

6. Where policy on its face requires first annual premium to be paid in advance before delivery of the policies, a condition on the back of policy providing that the policy shall become void if the premium be not paid when due, does not apply to the first annual premium. McAllister's Adm'x v. New Eng. L. Ins. Co., 101 Mass., 558.

7. The principal and interest of premium notes was secured by condition 5 on back of policy, and the company can be (and by the judgment of lower court has been), given all it contracted for or expected to receive, and appellee took policies before and independent of breach of condition, and forfeiture clause should not be enforced. Montgomery v. Phoenix Life Ins. Co., 14 Bush., 55-74; Northwestern Mutual Life Ins. Co. v. Ford's Admr., 82 Ky., 274-277; St. Louis Mutual Life Ins. Co. v. Grigsby, 10 Bush., 317; Story's Equity, secs. 1314, 1320, 1344.

8. Insurance companies may take notes as payment of premium, and where the insurance is effected by the husband upon his own life for his wife's benefit, and he pays a part of the first annual premium in money, and gives his notes bearing interest for the remainder, the company is precluded from insisting that the premium has not been paid to avoid its liability under the policy. Michigan Mutual Life Ins. Co. v. Bowes, 42 Mich., 19-23; Miss. Valley Life Ins. Co. v. Neyland, 9 Bush., 430; 21 Fed. Rep., 223; Joyce on Ins., sec. 1202.

9. Upon the non-payment of the premium notes when due, neither the policy nor notes became *ipso facto* void, but rendered the policies simply voidable at the exclusive option of the company. Louisville Underwriters v. Pence, 93 Ky., 101; Bear v. Phoenix Ins. Co., 4 Bush., 246; Stevenson v. Phoenix Ins. Co., 83 Ky., 11-12; Bane v. Travelers Ins. Co., 85 Ky., 683.

10. And the insurance company must assert its right to forfeit policy in unmistakable terms. Mutual Co. v. French, 30 Ohio, 240; 104 U. S., 257; Johnson v. Southern Mutual Life Ins. Co., 79 Ky., 407; 14 Bush., 55-74.

11. Declarations made by assured, four months after the delivery of the policies, are not competent evidence against the beneficiary, where the declarations are made not in the presence of the beneficiary. Fraternal Mutual Life Ins. Co. v. Applegate, 7 Ohio Stat., 292; Mutual Benefit Life Ins. Co. of Newark, N. J. v. Dunn, 21 Ky. Law Rep., 213, 216; Mobile Life Ins. Co. v. Morris, 3 Lea (Tenn.) 101; Union Central Life Ins. Co. v. Cheever, 36 Ohio Stat., 201.

12. The application and premium notes are not competent as evidence, because they are not expressed in or attached to or referred to by the policies. Ky. Stat., sec. 656-679; Joyce on Ins., 190. By supplemental briefs attorneys for appellee cite the following additional authorities: 93 Ky., 101; 4 Bush., 246; 85 Ky., 683; 14 Bush., 74, 75; Met. Life Ins. Co. v. Jenkins' Admr., 10 Atl. Rep., 474; New Era Life Assn. v. Musser, 14 Atl. Rep., 155; Susquehanna Mut. Fire Ins. Co. v. Holland, 14 Atl. Rep., 167; Cook v. Fed. Life Assur. So., 35 N. W. Rep., 500.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant, on January 28, 1897, issued two policies of insurance—No. 105,895 and No. 105,896—on the life of William E. Myers in favor of his wife, appellee Hattie M. Myers; one for $1,000, and the other for $1,200. The undertaking of the appellant, as set out in the first policy, so far as material, is in these words: "In consideration of the application for this policy and the statements and covenants therein contained, which are a part of this contract, and of the annual premium of $18.30, to be paid in advance to the company at its office in the city of New York on the delivery of this policy, and of the sum of $18.30 on the 28th day of January, 1898, insures the life of William E. Myers, of Paducah, in the county of McCracken and State of Kentucky, for the term of two years; and in further consideration of the annual premium of $34.30, to be paid thereafter on the 28th day of January in every year during eighteen years, continues the insurance for the remainder of his life." One of the conditions of the policy is this: "If any statement made in the application be in any respect untrue, or if any premiums be not paid when due, this policy shall be void, and all payments made upon it shall be forfeited to the company." The application also contained this: "And it is agreed that there shall be no contract of insurance until the policy shall be issued

by the company, and accepted, subject to the conditions and stipulations therein contained, during the good health of the person to be insured, and the first premium paid thereon." Myers, at the time the policy was delivered. to him, paid one-fourth of the first premium, amounting to $4.57, and executed three notes to appellant, each for that amount, payable in two, four and six months. Each of these notes contained this stipulation: "This note is given on account of premiums on policy No. 105,895, dated January 28, 1897, issued by said company; and if this note be not paid at maturity, said policy shall be void." The provisions of the other policy were the same as those quoted, except as to the amount; and so with the application and notes, only one-fourth of the premium being paid, and notes given for the remainder. When the notes fell due that were payable in two months, Myers failed to meet them. About two weeks after this he came to appellant's agent, and asked if he would accept the money and reinstate him. The agent told him he did not know, and gave him a health certificate to fill out, telling him he would send it to the company, and thought they would accept it. He filled out the certificate, and paid the notes, and the company accepted it. This was on April 16th. When the next two notes fell due on the 28th of May, payment was demanded, but Myers said that he was not able to keep up the policies, and would just have to let them drop. The agent talked to him, and insisted on his paying the notes; but he said he simply could not do it. The agent told him the policies would become null and void that day if the notes were not paid, and he said he knew it, but would have to let the policies go. The agent thereupon returned the notes to the home office of the company. After this the last two notes fell due on July 28th. No

demand was made for their payment, and nothing was paid. The agent, in returning the notes to the company, reported to it to cancel the policies. After this the State agent of appellant saw Myers, and had a talk with him about the policies. Myers said that he was sorry he had to let the policies lapse, and also said that, if he was ever able to take out new insurance, he would see him again about it. After all this, Myers died on November 17, 1897, and this action was instituted by appellee to recover of appellant on the policies. At the conclusion of the evidence, which showed simply the facts we have stated, the court below peremptorily instructed the jury to find for appellee, which was done.

It is alleged by appellant in its answer that on the return of the notes due in May it canceled the policies, and so entered them on its record; but there was no proof given on the trial to sustain this allegation, except the statement of the local agent as to what he reported to the company; nor was there any proof of notice to Myers of the cancellation of the policies, except such as might be inferred from what took place between him and the agents of the company as above stated. But the proof of these transactions is very clear, being made by several witnesses and undisputed. It is insisted for appellee that the statements of her husband, not being made in her presence, are not competent against her, and can not be considered. It is also insisted that under sections 656 and 679, Kentucky Statutes, appellee's rights must be determined by the stipulations of the policy alone, without regard to anything contained in the application or notes, and that under the case of Montgomery v. Insurance Co., 14 Bush, 51, the ruling of the court below was correct. In the case of Society v. Puryear's Adm'r (decided to-day), 59 S. W., 15,

it is held that under sections 656, 679, Kentucky Statutes, all policies of life insurance issued by co-operative or old-line companies must contain the entire contract, and that stipulations in the application can not be relied on to defeat a recovery on the policy, unless indorsed upon or attached to it. The application in this case, therefore, can not be considered. But the undertaking of appellant as set out in the policy is in consideration "of the annual premium of $18.30, to be paid in advance to the company." To make out a *prima facie* right to recover on the policy, it was incumbent on appellee to show that the premium for the year had been paid. To do this, she alleged that notes were executed for the premium, and accepted by the company in payment of it. But, when the notes are produced, they show that they were not accepted in payment of the premium, but on the condition that, if they were not paid at maturity, the policy should be void. Whether the premium had been paid or not was a material question in the case to be determined upon the evidence. Neither section 656 nor 679 has any application, for neither of them was intended to exclude proof as to whether a condition precedent set out in the policy had been complied with. Myers clearly understood that, if he did not pay his notes at maturity, his policies would then cease; for when he failed to pay when the first notes fell due he asked to be reinstated, and furnished a health certificate. The company also so understood the contract. When the second notes fell due, Myers declined to pay, and, being told that the policies would become null and void that day if the notes were not paid, said he understood that, but would have to let the policies go. The company acquiesced in this conclusion of his and made no demand for the payment of the other

notes. The State agent also saw Myers, and had a talk
with him about the policies. Myers said he was sorry he
had been compelled to let the policies lapse, and spoke of
taking out new insurance with him if he was ever able to
do so. After all this, as Myers had abandoned his contract
of insurance, it was clearly unnecessary for the company
to give him any other notice; for it was distinctly under-
stood between the parties that the policies had lapsed, and
no further notices could have made this more certain. As
was said by this court in Moreland v. Insurance Co., 46
S. W., 516, and approved in Insurance Co. v. Pentecost,
49 S. W., 425, "The company was then called on to do noth-
ing save to act consistently." This it did. The case of
Montgomery v. Insurance Co., 14 Bush, 51, involved a pol-
icy where the assured had acquired a right to paid-up in-
surance for four-tenths of the amount of the policy, and
when the note fell due the company took no action, and
gave no notice to the assured, and nothing occurred to
put him on notice that it was claimed that his policy would
lapse if the note was not paid, or that the company was
unwilling to carry the note and trust to the paid-up in-
surance for indemnity. The assured here had taken out
the policies and transacted all the business with the ap-
pellant. He was to pay the premium. The payment of
the premium was a condition precedent to liability under
the policies. His acts and declarations in regard to the
payment of the premium, and his final conclusion not to
pay it, but let the policies lapse, were clearly competent
against appellee. The cases relied on by her relate to dec-
larations of an entirely different character. Under the
evidence the court below should have instructed the jury
peremptorily to find for appellant. Judgment reversed,
and cause remanded for a new trial and further proceed-
ings not inconsistent with the opinion.