(79 South. 18)
### VEST v. STATE. (8 Div. 102.)

(Supreme Court of Alabama. April 11, 1918. Rehearing Denied May 9, 1918.)

JURY ⟳110(1)—CHALLENGE FOR CAUSE.

It is not error to permit the solicitor to challenge one juror for cause after having waived this course as to other jurors.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Charlie Vest was convicted of murder in the second degree, and appeals. Affirmed.

Appellant was indicted and tried on a charge of murder in the first degree. He was convicted of murder in the second degree, and sentenced to the penitentiary for a term of 25 years. The evidence for the state shows that the defendant shot the deceased, Grady Lowery, with a pistol, without provocation or excuse, and was sufficient to make out a charge of murder in the first degree. The evidence for the defendant tends to show self-defense. There were some few objections to the rulings of the court on the omission or rejection of the evidence, but none are sufficiently important to be here set out. The court in his oral instructions charged the jury at great length covering every theory and legal proposition presented by the evidence. At the close of the court's charge, the defendant requested 49 written charges, 35 of which were given, and 14 refused. There were four charges given at the request of the state. The bill of exceptions shows that, while qualifying the jury, the court called 12 men at a time; that when the first 12 were called one of the jurors stated he would not convict on circumstantial evidence, and the state waived its objection for challenge for cause. Later on 12 others were called, and 3 of the jurors answered they did not believe

a conviction should be had on circumstantial evidence. The state waived its challenge for cause as to two of these jurors, but challenged the third. The defendant objected to the state being allowed to challenge this juror for cause, and reserved exception to the court overruling the objection.

John R. Sample, of Hartsells, and Wert & Lynne, of Decatur, for appellant. F. Loyd Tate, Atty. Gen., and Callahan & Harris, of Decatur, for the State.

GARDNER, J. [1] There was no error in permitting the solicitor to challenge one juror for cause after having waived this course as to the other jurors. Al Henry Vaughan v. State (present term) 78 South. 378;[1] Harrison v. State, 79 Ala. 29.

Some few questions of evidence are presented by the bill of exceptions. In some instances the witnesses answered the questions objected to, and clearly, of course, no injury could have resulted as to these. The other questions presented are so clearly free from reversible error we do not consider them necessary for separate treatment. Likewise the four charges given at the instance of the state contained but few elementary principles, and to set them out or comment thereon is entirely unnecessary. As disclosed in the statement of the case, the defendant relied upon self-defense. The oral charge of the court fully covered every legal phase of the case, and in addition thereto a large number of special instructions were given at the request of the defendant touching upon its various phases. A few of the defendant's charges were refused, the larger portion of which were clearly subject to adverse criticism, such as to justify their refusal as incorrect or misleading. If it be conceded that possibly two or three of the charges refused could well have been given under our decisions, yet it is too clear for discussion that the principles therein stated were not only clearly set forth to the jury in the oral charge of the court, but also fully covered in some of the other charges given at the request of defendant.

Upon a careful review of this record, we find nothing in the case calling for extended treatment. Suffice it to say the record has been most carefully examined, and nothing found therein justifying a reversal of the cause.

The judgment of the court below will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

---

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 472.