(97 South. 826)

## ATLANTA MUT. INS. CO. v. PRICE.
### (7 Div. 423.)

(Supreme Court of Alabama. Oct. 11, 1923. Rehearing Denied Nov. 15, 1923.)

1. **Evidence ⚖═➤252—Declarations of insured not admissible against beneficiary having a vested interest in the insured policy.**

Declarations of the insured not a part of the res gestœ are inadmissible against a beneficiary named in the policy where the contract is between the company and beneficiary, to whom a vested interest passes upon the issuance of the policy.

2. **Evidence ⚖═➤252—Declarations of insured as to lapse of policy held admissible against beneficiary.**

Declarations of insured against her interest that she had permitted her policy of insurance to lapse are admissible against the beneficiary where the beneficiary not only had but a mere expectancy and no vested interest in the policy, but insured and insurer held full control, and insured was directly interested, particularly with reference to sick and accident benefits.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action on a policy of life insurance by Jim B. Price against the Atlanta Mutual Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Victor Vance, of Gadsden, for appellant.

It was error to refuse to permit defendant to prove a statement by insured, in her lifetime, that the policy had lapsed. Hooper v. Edwards, 20 Ala. 528; Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 77 South. 547; Hart v. Kendall, 82 Ala. 144, 3 South. 42; 1 Ency. Ev. 573.

Motley & Motley, of Gadsden, for appellee.

Declarations by the insured are not admissible as against beneficiaries. 16 A. & E. Ency. of Law (2d Ed.) 968; 25 Cyc. 936; Callies v. M. W. A., 98 Mo. App. 521, 72 S. W. 713; Ins. Co. v. Link, 131 Ill. App. 89; Young v. Thomason, 179 Ala. 454, 60 South. 272.

GARDNER, J. Suit by appellee against appellant upon a life insurance policy insuring the life of one Ida B. McGarvin, wherein the plaintiff in the court below was named as beneficiary. The premiums on this policy were payable weekly, and it contained a provision that, if such payments were not made for four succeeding weeks, then the policy should be null and void, and all payments previously made forfeited to the company.

It was contended by the defendant that

the policy had lapsed by virtue of the non-payment of these premiums as provided in the policy. This was a contested issue of fact, which was submitted for the jury's determination, resulting in a verdict in favor of the plaintiff, from which the defendant has prosecuted this appeal.

The question of prime importance upon this appeal relates to the ruling of the court in rejecting evidence offered by defendant to the effect that just previous to the death of the insured she stated to the defendant's witness, one Solomon, that this particular policy was no longer in force, and that she had permitted it to lapse. The defendant had previously offered evidence tending to show that in fact the policy had lapsed for nonpayment of premium; and the foregoing evidence was offered in rebuttal of that offered by the plaintiff upon this issue of fact. The trial court ruled that this evidence was inadmissible.

[1] Counsel for appellant rely upon the general rule of law recognized by the great weight of authority that declarations of the insured, not a part of the res gestæ, are inadmissible as against the beneficiary named in the policy. 1 R. C. L. 506; 14 R. C. L. 1438; 1 Ency. of Evi. 573; Neblick on Benefit Soc. § 325. An investigation of the authorities discloses that these authorities so stating the general rule dealt principally with what is referred to as "old line" insurance, where the contract is between the company and the beneficiary, to whom a vested interest in the insurance passes upon the issuance of the policy.

 It appears, however, that the decided weight of authority has adopted a contrary rule in cases where the contract of insurance is between the insured and the company, with a right on the part of the insured to change the beneficiary at any time, the beneficiary, therefore, in such policies having only an expectant interest. Cases dealing with both phases of this question are commented upon in Neblick on Benefit Soc. § 325, above referred to, and numerous authorities are cited in the note to Taylor v. Grand Lodge, etc., 101 Minn. 72, 111 N. W. 919, 11 L. R. A. (N. S.) 92, 118 Am. St. Rep. 606, 11 Ann. Cas. 260. Particular reference may be made to the following authorities: Van Frank v. U. S. Benefit Ass'n, 158 Ill. 560, 41 N. E. 1005; Steinhausen v. Pref. Mut. Ass'n, 59 Hun, 336, 13 N. Y. Supp. 36; Supreme Conclave v. O'Connell, 107 Ga. 97, 32 S. E. 946; Thomas v. Grand Lodge, 12 Wash. 500, 41 Pac. 882; Callies v. Modern Woodmen, 98 Mo. App. 521, 72 S. W. 713; Manhattan Ins. Co. v. Myers, 109 Ky. 372, 59 S. W. 30, 22 Ky. Law Rep. 875; Nophsker v. Supreme Council, 215 Pa. 631, 64 Atl. 788, 7 Ann. Cas. 646, and authorities cited in note; Knights of Maccabees v. Shields, 156 Ky. 270, 160 S. W. 1043, 49 L. R. A. (N. S.) 853; Schwarzbach v.

Ohio Valley Prot. Union, 25 W. Va. 622, 52 Am. Rep. 227. However, upon this latter question the authorities are not in full accord. The Supreme Court of Indiana, in Clemans v. Kersteller, 98 Ind. 373, held the declarations of the insured were inadmissible as against the beneficiary, notwithstanding the policy gave the right to the insured to change the beneficiary at any time, and therefore the beneficiary had only an expectant interest therein. The Supreme Court of Wisconsin, in Rawson v. Mutual Life Co., 115 Wis. 641, 92 N. W. 378, appears to approve the holding of the Indiana court. The opinion in the Rawson Case, supra, discusses both phases of the question with citation of authority.

[2] In the case at bar the policy not only provided for a change of the beneficiary at any time, but it likewise protected the insured in case of her sickness or injury by accident. In addition to this the policy contained the following provision:

"The company may pay the amount due under this policy to either the beneficiary named below, or to the executors, administrators, or assigns of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

It thus appears that under the terms of this policy the beneficiary not only had merely an expectancy and no vested interest whatever, but the insured and the company held full control of the policy, and the insured was directly interested, particularly with reference to the sick and accident benefits. The rule of evidence which would exclude the declarations of the insured as against the beneficiary by reason of any vested interest in such beneficiary would therefore have no room for operation in the case as here presented.

It cannot be questioned that the declarations of the insured were against her interest at the time they were made, and no good reason appears under the circumstances here presented against the admission of such declarations in a suit by this beneficiary who claims by virtue of the contract of insurance. We have therefore reached the conclusion that this evidence was admissible, both upon sound reasoning and the decided weight of authority. The trial court therefore erred in its ruling in this respect, and the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.