### DAVIS v. STATE. (6 Div. 931.)

(Court of Appeals of Alabama. June 8, 1926. Rehearing Denied June 29, 1926.)

**1. Homicide ⬅329—On appeal from conviction for second degree murder, questions relative to first degree murder will not be considered.**

On appeal from conviction for second degree murder, questions relative to first degree murder will not be considered, since verdict resulted in acquittal of such charge.

**2. Criminal law ⬅1166½(6).**

Defendant cannot complain because state's counsel waived disqualification of jurors who would not convict on circumstantial evidence, in view of Code 1923, § 8612.

**3. Homicide ⬅203(3).**

Testimony that deceased said "he was going to die; that he could not live," held sufficient predicate for admission of dying declaration.

**4. Criminal law ⬅1044.**

Relevancy of dying declaration is not in question, where no motion was made to exclude it.

**5. Criminal law ⬅713—Solicitor's deductions and conclusions in argument, which were not substantive outside statements of facts not borne out by evidence, held proper.**

Solicitor's statements in argument, which were merely deductions and conclusions and

not substantive outside statements of facts not borne out by evidence and which did not contain an unwarranted appeal to prejudice, *held* proper.

**6. Criminal law ⬡829(1).**

Refusal of charges containing correct statements of law *held* not reversible error, where they were covered by oral charge.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

John Davis was convicted of murder in the second degree, and he appeals. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant.

The dying declarations of deceased were erroneously admitted. Johnson v. State, 47 Ala. 9; Fonville v. State, 91 Ala. 39, 8 So. 688; Holmes v. State, 136 Ala. 80, 34 So. 180; Ben v. State, 37 Ala. 103. Argument injecting into the case racial prejudice should not be permitted. Tannehill v. State, 159 Ala. 51, 48 So. 662; James v. State, 170 Ala. 72, 54 So. 494. Evidence of the location of the bullet wound was erroneously admitted. Abel v. State, 90 Ala. 631, 8 So. 760; Goodwin v. State, 1 Ala. App. 136, 56 So. 29. A juror who will not convict on circumstantial evidence is incompetent, both as to the state and as to the defendant. Code 1923, § 8612; Griffin v. State, 90 Ala. 596, 8 So. 670; Whatley v. State, 144 Ala. 68, 39 So. 1014. The rule as to inadmissibility of details of a former difficulty does not apply, where the previous difficulty was a part of a continuous transaction, culminating in the fatal difficulty. Wilson v. State, 12 Ala. App. 97, 68 So. 543; Page v. State, 17 Ala. App. 70, 81 So. 848.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

No error was committed in admitting dying declarations. Gilmer v. State, 181 Ala. 23, 61 So. 377; Sullivan v. State, 102 Ala. 135, 15 So. 264, 48 Am. St. Rep. 22; Humber v. State, ante, p. 378, 108 So. 646. The argument of the solicitor was a legitimate reflection upon the testimony, and was not objectionable. Jackson v. State, 136 Ala. 30, 34 So. 188; Cross v. State, 68 Ala. 476. The witness testified that he saw the wound, and he was properly allowed to state its location. Reid v. State, 181 Ala. 14, 61 So. 324. The state may waive disqualification of a juror. Wesley v. State, 61 Ala. 282; Ott v. State, 160 Ala. 29, 49 So. 810. The difficulty was not continuous. Davis v. State, 188 Ala. 59, 66 So. 67.

BRICKEN, P. J. In this case the appellant was indicted for the offense of murder in the first degree; the specific charge in the indictment being that he, "unlawfully and with malice aforethought, killed Eugene Henton by shooting him with a pistol," etc.

The evidence disclosed, without conflict, that Eugene Henton met his death by having been shot in the back with a pistol, and that the shooting was done by the appellant.

[1] The trial resulted in the conviction of this appellant of murder in the second degree, and the jury fixed his punishment at imprisonment in the penitentiary for 15 years. This verdict of the jury resulted in the acquittal of the defendant of the charge of murder in the first degree. It follows therefore that questions here presented relating to murder in the first degree only need not be considered.

[2] It is shown by the bill of exceptions that—

"In qualifying the jury to try the case, the court asked the following question: 'Is there any one of you that would not convict on circumstantial evidence? I will ask you to stand up and remain standing until the clerk can get your name.' Thereupon a Mr. Lowery and a Mr. Edmund Briggs stood up and stated they would not convict on circumstantial evidence. The solicitor for the state stated he would waive this as to them. The court thereupon allowed the state to waive on the two above-named jurors, and to this action of the court the defendant excepted."

It is here insisted that this ruling was' error—

"That a juror, who will not convict on circumstantial evidence, under the law is an incompetent juror. That he is both incompetent as to the defendant and to the state. That the defendant could not waive this disqualification, * * * and that it was the duty of the court ex mero to strike said jurors from the venire."

The record does not show whether such jurors were selected to try this case, but whether they actually served upon the panel or not is immaterial, for it has been many times decided that the defendant cannot complain of such waiver by the state, a right given the state under the statute. Code 1923, § 8612; Wesley v. State, 61 Ala. 282; Harrison v. State, 79 Ala. 29; Vaughan v. State, 201 Ala. 472, 78 So. 378; Vest v. State, 201 Ala. 598, 79 So. 18; Murray v. State, 210 Ala. 603, 98 So. 871; Terry v. State, 13 Ala. App. 115, 69 So. 370.

On the trial of this case comparatively few witnesses were examined, yet there are probably a hundred exceptions appearing, and appellant has 67 grounds in his assignment of errors. We will not undertake to deal with each of these insistences, many of which are so clearly without merit as to need no discussion. Several of these questions are based upon the erroneous theory that the transactions between deceased and appellant relating to the killing were continuous in their

nature. In other words, the appellant contends that the difficulty, if there was such, was continuous. This insistence is not borne out by the record.

[3, 4] The dying declarations testified to by witness Robert Henton, father of deceased, were properly admitted. Witness testified that the deceased, some· hours prior to his death, stated to him "he was going to die; that he could 'not live." This predicate was sufficient. No motion was made to exclude the declaration testified to by this witness, therefore the relevancy of such declaration is not in question. This witness testified that he saw the wound on his son and that it was in his back. The deputy coroner testified that the bullet hole was in the back and that it did not come out, etc. There was no· dispute or conflict as to this physical fact, and the several exceptions of defendant to the court's rulings on this question are without merit. After a careful examination of each of the rulings of the court upon the admission of evidence, we fail to discover any error which in the opinion of this court injuriously affected the substantial rights of defendant. Certainly none that would justify a reversal of the judgment of conviction.

[5] The argument of the solicitor complained of did not come within the inhibited scope of legitimate discussion. The statements complained of were deductions and conclusions merely. In none of the statements was there an unwarranted appeal to prejudice, nor were there any substantive outside statements of facts not borne out by the evidence. In Cross v. State, 68 Ala. 476, 484, the Supreme Court said:

"It is only when the statement is of a substantive, outside fact—stated as a fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion."

[6] No exceptions were reserved to the oral charge of the court. Moreover, it was not subject to successful or meritorious exceptions as it was able, full, fair, and complete and covered every phase of the law bearing upon the issues involved upon this trial. In addition to this full and explicit charge, the court gave at the request of defendant about 65 special written charges; these given charges cover about 9 pages of this transcript. There were 11 refused charges. Such of these charges as contained correct statements of the law were fairly and substantially, and we might add fully, covered by the oral charge of the court and the given charges.

In our opinion this appellant was accorded a fair and impartial trial; that such trial proceeded all the way through without reversible error. The record is regular. Judgment affirmed.

Affirmed.