(129 So. 78)

**BENEFIT ASS'N OF RAILWAY EM-PLOYEES v. ARMBRUSTER.**

**6 Div. 429.**

Supreme Court of Alabama.

May 15, 1930.

As Modified on Denial of Rehearing June 19, 1930.

See, also, Benefit Ass'n of Railway Employees v. Armbruster, 217 Ala. 282, 116 So. 164.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

Fort, Beddow & Ray, G. Ernest Jones, Wilkinson & Burton, and Hollis O. Black, all of Birmingham, for appellee.

BOULDIN, J.

The action is to recover the death benefit under an accident insurance policy.

On former appeal, the law of the case made by the tendencies of plaintiff's evidence was fully considered and declared. We adhere to what is there said without repetition. Benefit Ass'n of Railway Employees v. Armbruster, 217 Ala. 282, 116 So. 164.

The insured was suffering from an acute attack of appendicitis; was under treatment of Dr. Cocciola. On calling in 'Dr. Torrence, a consulting surgeon, it was decided to remove him from his home in Birmingham to Norwood Hospital for observation and probable operation.

Plaintiff's case, viz. that death resulted directly and exclusively through external, violent, and accidental means within the legal meaning of the policy, rests upon evidence tending to show that from violent jerking of the ambulance in which the insured was placed he was thrown or jolted from the couch, rupturing the abscessed appendix and causing his death.

Dr. Cocciola was in the ambulance attending the patient. His evidence was that the violent motion of the ambulance threw the doctor down, and the patient partially from the couch or cot, falling or catching onto the doctor's shoulder. Said he: "And when I got up I feel the patient on my shoulder, and I catch him and put on the couch again, but the poor man,—he has got a pale face,—and I ask him 'what is the matter? What you feeling?' and he say 'Bad, Doctor, bad, Doctor.' * * * 'When we got into the hospital I ask him how he feeling, when he was in the bed, and he say "Doctor, I feeling better now." ' "

Defendant's witness, Madden, the driver of the ambulance at the time of the accident, testified that, after Mr. Armbruster was transferred to another ambulance which had been called for the purpose, and while on the way to Norwood Hospital, witness asked Mr. Armbruster if he was hurt, and he answered, "No."

The court, on motion, excluded this evidence.

█ The rule is well recognized that declarations of a person against his interest at the time are admissible against those claiming under him after his decease. This rule has been applied to declarations as to circumstances of injury in actions for death by wrongful act. Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 77 So. 547.

Appellee insists that the declaration here is without this rule because the suit is by the beneficiary having a vested interest in the policy. Pride v. Inter-State Business Men's Accident Ass'n, 207 Iowa, 167, 216 N. W. 62, 62 A. L. R. 31.

The death benefit under this policy is payable to "Hattie Armbruster, the insured's wife, if surviving, otherwise to the insured's estate." It further provides: "The insured may at any time release the association from any and all liability then existing or thereafter accruing to the beneficiary." The policy also provides for accident and sickness indemnity benefits payable to the insured.

The case comes within the rule of admissibility of declarations against interest declared in Atlanta Mutual Ins. Co. v. Price, 210 Ala. 334, 97 So. 826.

█ We may assume that the patient would probably not have known of an internal rupture of the abscess, and the declaration that he was not hurt had no reference to what the patient thought on that subject. We note also there was evidence that he would probably be relieved of pain and feel better if his appendix was ruptured. A declaration not appearing to relate to any matter within the knowledge of the declarant, or to shed light on the real issue, may be rejected, although against interest. 3 Jones on Evidence, § 1171, p. 2147.

But, according to witness Madden, the declaration of the patient that he was not hurt was made within a few minutes, little more than five minutes, after the accident.

█ In view of the sharp conflict as to whether the patient was in any way dislodged from his cot or otherwise hurt, the declaration to Madden, if believed by the jury, would have been important in weighing the evidence of Dr. Cocciola indicating he was hurt at the time and suffered much shock.

The court erred in excluding this evidence.

█ The death certificate of the county health officer, admitted in evidence by agreement in lieu of a transcript from the state health department, gave the cause of death "Gangrenous Appendix."

Defendant's refused charges 45, 46, and 53 deal with the presumptive effect of the death certificate as evidence of the cause of death.

By Code, § 7674, "registers of marriages, births, and deaths, kept in pursuance of law * * * are presumptive evidence of the facts therein stated."

In Metropolitan Life Ins. Co. v. Parks, 210 Ala. 261, 97 So. 788, 789, applying the general rule without mention of our statute, such certificate was held "competent evidence, prima

facie, of the nature of the disease causing the death of insured."

The refusal of the charges here involved may be justified on the ground that the certificate of death is not inconsistent with the claim that an accident caused a rupture of the gangrenous abscess, and so produced death.

Defendant was entitled to instruction in no stronger terms than the statute, viz. that such certificate was presumptive evidence and that coupled with a statement that such presumption was only prima facie. The jury would then be in proper position to weigh this in connection with evidence of the physician in charge, to the effect that this condition proceeded to a rupture and peritonitis with fatal effect.

These charges do not state the effect of the presumption, whether conclusive or only prima facie.

Charge 58 was properly refused on the authority of Brown v. State, 142 Ala. 287, 38 So. 268.

Charge 59 was properly refused as argumentative.

For the error pointed out, the judgment is reversed and cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.