73 So.2d 514

### HUDSON v. STRIPLING.

#### 6 Div. 706.

Supreme Court of Alabama.

June 24, 1954.

See, also, ante p. 180, 73 So.2d 521.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

198

Taylor, Higgins, Windham & Perdue, Birmingham, for appellee.

STAKELY, Justice.

On May 18, 1952, Billie Gail Stripling suffered alleged personal injuries when the automobile in which she was riding as a guest turned over into a ditch on U. S. Highway 31 between Birmingham and Cullman, Alabama. Thomas Hudson was the driver of the car at the time. Riding also in the car was Nell Nichols, who married

Thomas Hudson soon after the accident. Suit was instituted by Billie Gail Stripling for her alleged injuries by next friend William F. Stripling against Thomas Hudson et al., in a case designated on the docket of the Circuit Court of Jefferson County, Alabama, as Case No. 27951–X.

Suit was also instituted by William F. Stripling against Thomas Hudson et al., for damages suffered by him in connection with the foregoing accident including loss of services of his daughter, Billie Gail Stripling. This case is numbered on the docket of the Circuit Court of Jefferson County as Case No. 27952–X. These two cases on motion were consolidated and tried together in the court below. The suit brought by Billie Gail Stripling by next friend resulted in a verdict and judgment for the plaintiff for $15,000 and the suit instituted by William F. Stripling resulted in a verdict and judgment for the plaintiff for $5,000. The appeal of the two cases is on one record. The assignments of error appear separately in each case but the same errors are assigned by the same number in each case.

The first three assignments of error argued involve the qualification of jurors and matters which relate thereto.

The trial judge stated the names of the parties and the fact that the two cases, hereinabove referred to, were to be tried together. The court also stated the names of the attorneys representing the plaintiff and the names of the attorneys representing the defendant. The court then said:

"If either of you are related by blood or marriage to either of the plaintiffs or the defendant or to the lawyers or to any of the members of firms of lawyers or if you are employed by any of the parties or lawyers or if any of you are stockholders in or own a policy in or are employed by the State Farm Mutual Automobile Insurance Company, make it known. If you are a policy holder with the State Farm Mutual Automobile Insurance Company, what is your name?"

It was ascertained that there were nine prospective jurors on the regular panel and two prospective jurors among the extras who were policyholders of the State Farm Mutual Automobile Insurance Company, a mutual company. The court thereupon instructed the nine prospective jurors on the regular panel to take seats on the left side of the court behind the rail. After an off the record discussion between the court and counsel for the plaintiff, these jurors were instructed by the court to resume their former places, four in one box and five in another. After the court identified the entire venire, counsel for plaintiff was asked by the court if he wanted to ask any questions under the statute to which counsel replied that he did. The court instructed the jurors that the questions to be asked applied to all jurors. Counsel for the plaintiff then inquired if any of the prospective jurors knew Thomas Hudson, the defendant, or his father Ollie M. Hudson (owner of the automobile and also a defendant) or Floyd Prosch, a witness for the defense, or if they were acquainted with any member of the firm of attorneys representing the defendant.

Counsel for the plaintiff asked the jurors various questions as to whether or not they had any connection with the State Farm Mutual Automobile Ins. Co. or whether their relations ever had any connection with the aforesaid company. The response from the jurors indicated that there was no connection other than as a policyholder. Counsel for the plaintiff then asked:

"I would like to inquire if any policy holder here would feel that that would influence them in any way in a case which was brought in which the State Farm Automobile Insurance Company had any interest; do you feel like that would influence you in any way, the fact that you owned a policy with them?"

There was no response to this question, whereupon counsel for the plaintiff stated that they had no more questions to ask.

After counsel for defendant had interrogated the jurors, in response to a statement by the court that he was prepared to excuse four named jurors occupying one of the jury boxes, plaintiff's counsel chal-

lenged three of the four jurors named by the court, stating at the time that these were all of the jurors in the box which plaintiff desired to challenge. The three jurors so challenged were then excused by the court. Thereupon counsel for plaintiff stated to the court that plaintiff challenged five named jurors occupying the other box and the court thereupon excused the jurors so named. There were two extra jurors who stated that they had policies, but counsel for plaintiff stated that plaintiff did not care to challenge them. Thereupon the court filled the two jury boxes from the extra jurors and verified the names of those jurors occupying the two jury boxes and then inquired of the plaintiff as to whether or not plaintiff desired a struck jury. The jury was then struck and the jury to try the case was verified by the court. After the jury was so selected the rule as to witnesses was invoked by counsel for plaintiff and the witnesses were instructed by the court to retire to the witness room. Thereupon the opening statement of the case was made to the jury by counsel for both plaintiff and defendant. No exceptions were taken thereto by either party. Immediately after the court recessed for lunch.

At the start of the afternoon session and before the jury was brought into the courtroom, counsel for the defendant said to the court: "Your Honor, may we show that this point was raised prior to the counsel for the plaintiff challenging any of the jurors because they were policy holders of the State Farm?", to which the court replied, "Yes, sir." Counsel for the defendant then said:

"The defendant objects to counsel for plaintiff challenging for cause certain of the jurors who were brought down from the jury room to serve, or some—or from which a jury was to be struck, as being policy holders of the State Farm Automobile Mutual Insurance Company and not challenging all of the remaining jurors who admitted in open court that they were policy holders of the company, it being the position of the defendant that if the counsel for the plaintiff attempts to challenge any one of the prospective jurors who admits being policy holders of that company that they must challenge all of the remaining jurors who have admitted being policy holders and cannot reserve the right to strike from a panel on which they have left certain of the prospective jurors who were policy holders after they have challenged for cause other jurors who admitted being policy holders of that company.

"We think that action on the part of counsel for the plaintiff was highly prejudicial and improper and inconsistent in that if any one of them that have been challenged for cause which had an interest that would disqualify them from serving as jurors in a case, then, any other juror who also was a policy holder would have that same interest and also have that disqualification and would also disqualify them for cause."

Counsel for the defendant further said:
"Judge, as a part of my objection, I want to introduce a copy of the jury list prepared by the Clerk of the Court for the week of September 28, 1953, and offer to show, and represent as an officer of the court that of the prospective jurors brought down, eleven of them, upon questioning by the Court, admitted that they were policy holders of the State Farm, and over our objections, counsel for the plaintiff were permitted, or will be permitted, to challenge approximately eight of the jurors, leaving three of the policy holders on the panel from which the jury was struck."

Counsel for the defendant then said:
"You overruled, I presume?"

"The Court replied, 'Yes, sir.'

"Counsel for defendant then said, 'We except.'"

The first assignment of error reads as follows:

"The Court below erred in permitting counsel for appellee to interrogate

jurors on voir dire in qualifying the jury as to insurance and then permitting counsel to omit striking from the jury for cause some of the jurors ascertained to be policy holders in the casualty insurance company insuring appellant against liability while striking others similarly situated from the jury."

It is settled by the decisions of this court that the plaintiff is entitled to have the jury qualified as to their connection with or interest in a liability insurance company obligated under its policy issued to the defendant, to pay all or any part of any recovery which may be had against the defendant in the case. Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212; International Harvester Co. v. Williams, 222 Ala. 589, 133 So. 270. The qualification in the case at bar was correctly made by the trial judge. Cox v. Roberts, 248 Ala. 372, 27 So.2d 617.

Counsel for the plaintiff had the right to examine the jurors as to the nature and extent of their connection with the insurance company. In this connection, § 52, Title 30, Code of 1940, provides as follows:

"In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."

There is no doubt that if any of the prospective jurors were interested in or employed by the appellant's insurance carrier, they were subject to challenge for cause. Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779.

In the first assignment of error the appellant appears to insist that the court below erred because it did not require counsel for appellee to challenge for cause all of the prospective jurors who were disclosed to be policy holders in the State Farm Mutual Automobile Insurance Company. With reference to the first assignment of error, there was no error in the action of the court. Counsel for the appellee clearly had the right to waive any ground of challenge for cause which he desired and appellant cannot complain of such waiver. In the case of Murphy v. State, 37 Ala. 142, it was said:

"By section 3585 of the Code it is provided, that, in all trials for a capital or penitentiary offense, it is a good challenge for cause *by the State,* that the juror has a fixed opinion against capital or penitentiary punishments. The statute makes the specified cause a ground of challenge by the State, but it cannot, without the most glaring perversion of its meaning, be understood as making it a ground of challenge by the prisoner, or as imposing upon the court the duty, *ex mero motu,* of setting aside a juror for the cause mentioned. The State may, or may not, at its election, challenge a juror for the cause mentioned; and the prisoner has no right to complain that the State forbears to exercise the right of challenge."

In the case of Harrison v. The State, 79 Ala. 29, it was said:

"That a person, summoned and called as a juror on the trial of an offense which may be punished capitally, or by imprisonment in the penitentiary, thinks that a conviction should not be had on circumstantial evidence, is made by statute a good cause of challenge *by the State;* but the right is not extended to the defendant, and may be waived by the State. By electing to challenge one or more persons for such cause, the State is not estopped from waiving the same cause of challenge as to any person who may be subsequently drawn as a juror. The defendant has no cause of complaint, if the State forbears to exercise the right to challenge any juror for the cause mentioned. Code, § 883; Murphy v. State, 37 Ala. 142."

The rule is further stated by the late Mr. Justice Gardner, afterwards Chief Jus-

tice Gardner, in the case of Vaughan v. State, 201 Ala. 472, 78 So. 378, 381, as follows:

"Nor was there error in permitting the solicitor to challenge one juror for cause after having waived this course as to the other jurors."

See also Vest v. State, 201 Ala. 598, 79 So. 18; Davis v. State, 21 Ala.App. 474, 109 So. 385.

The case of Sovereign Camp W. O. W. v. Ward, 196 Ala. 327, 71 So. 404, cited by appellant, is not in point. The opinion in that case shows that the juror Dees became a juror "against defendant's objection and exception." The defendant in the case at bar made no objection to the two jurors serving. The objection was of a different nature.

*Assignment of error No. 2 is as follows:*

"The court erred in failing to excuse on its own motion jurors who were disqualified by reason of being policy holders in the casualty insurance company insuring appellant against liability."

 The position of the appellant appears to be first that the jurors who were policy holders in the State Farm Mutual Automobile Insurance Company were by virtue of that fact alone disqualified as jurors, and second that the court was under the duty upon its own motion to excuse them, even though counsel for neither party did not so move the court. In the case of Murphy v. State, 37 Ala. 142, the court held that it was not the duty of the court ex mero motu to excuse jurors, simply because the juror was subject to challenge for cause. The court said:

"The statute makes the specified cause a ground of challenge by the State, but it cannot, without the most glaring perversion of its meaning, be understood as making it a ground of challenge by the prisoner, or as imposing upon the court the duty, *ex mero motu*, of setting aside a juror for the cause mentioned."

See also Ball v. State, 252 Ala. 686, 42 So.2d 626.

Assignment of error No. 3 is as follows:

"The court erred in permitting jurors who were disqualified by reason of holding policies in the casualty insurance company insuring appellant to serve on the jury over appellant's objection."

This assignment appears to be predicated upon the refusal of the court to excuse certain jurors upon motion of appellant's counsel. We have stated in detail the procedure which was had in connection with the qualification of the jurors. The objection, as we have shown, did not relate to the jurors or their qualifications, but to the action of the court in permitting counsel for plaintiff to waive his right to challenge as to some jurors after exercising the challenge as to others. The only objection was to the action of the court and of the plaintiff in not preventing the jurors from serving.

We conclude that there was no error in the qualification of jurors in this case.

Assignments of error No. 4 and No. 5 are based on the alleged excessiveness of the verdict and the action of the court in failing to grant appellant's motion for a new trial on the ground that the verdict was excessive. There is evidence tending to show that Billie Gail Stripling received a fracture of the second cervical vertebra causing a prolonged period of hospitalization and bracing. She was put in a head type halter with traction and kept there for about six weeks. She was fitted with a cervical brace, which limited the motion of the head and neck. There was medical testimony tending to show that she would have a permanent disability. There was evidence tending to show that she had a concussion of the brain and still had a recession of the lower jaw, about one quarter of an inch, after fourteen months from the date of the accident. There is evidence tending to show that she had a badly swollen eye, which, according to her, still causes her pain and dizziness. There is also testimony

tending to show that her ankle was sprained and she had a strained back.

This court has often said that it will not substitute its judgment for that of the jury and the court below unless "the amount is so excessive, or so grossly inadequate, as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury." Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Wilson & Co. v. King, 250 Ala. 90, 32 So.2d 351. In this case the trial court refused to disturb the verdict on account of the amount of the recovery. Under the circumstances we are not willing to hold that the verdict is excessive. Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So. 2d 190; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

Assignment of error No. 6 is based upon the claim that the verdict was contrary to the great preponderance of the evidence. Assignment No. 7 is based upon the refusal of the trial court to grant a motion for new trial in this cause. The only ground of this motion for new trial argued by counsel is that the verdict was contrary to the great preponderance of the evidence. We find no merit in these assignments of error.

On the day of the accident Billie Gail Stripling was picked up at her home by Thomas Hudson and his girl friend, Nell Nichols, in a Chevrolet automobile. It was raining at the time and had been raining all day. The testimony shows that the plaintiff sat on the outside in the front seat, that Nell Nichols sat in the middle and Thomas Hudson drove the car. They proceeded toward Cullman on Highway 31 and as they approached the point where the accident occurred Thomas Hudson was driving, in the plaintiff's judgment, at about sixty miles per hour. As they approached the place where the accident happened the three occupants of the car were discussing a movie. Thomas Hudson was laughing and talking and looked around at the girls beside him and not at the road. It was raining and the road was slippery. Billie Gail Stripling cautioned Thomas Hudson to be careful, saying that she didn't want to have a wreck today. This incident took place about a mile from where the accident later occurred. According to Billie Gail Stripling the first unusual movement of the car which she noticed prior to the accident was that the right front wheel of the car ran off of the right side of the road. Thomas Hudson got the car back on the road and then it started into a spin. The car spun around a couple of times and the front end hit a ditch and the car flipped over. When Thomas Hudson got the car back on the road after it first went off on the right side, the car turned around on the left side of the road and then came back on the right and then went off of the road on the right side. According to Billie Gail Stripling, when the right front wheel first went off the road, Thomas Hudson was driving at a speed of about sixty miles an hour. According to her he had not reduced the speed of the car after she had spoken to him to be careful. At the place where the accident occurred the highway was curving. The curve was not a real deep or sharp curve, but it was a good curve. In her judgment the curve was about a block long.

Thomas Hudson and his wife testified to facts which were favorable to his defense. Floyd Prosch, a witness for the defense, testified that he passed the defendant heading in an opposite direction and that the defendant was traveling, in his judgment, at about 35 to 40 miles per hour.

In Smith v. Smith, 254 Ala. 404, 48 So.2d 546, 548, it was said:

"The appellant urges with great earnestness that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence. Where there is evidence which if believed justifies the verdict, a motion for a new trial is properly overruled. Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that

the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern Railway Co. v. Kirsh, 150 Ala. 659, 43 So. 796."

See also Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530.

The 8th assignment of error applies only to the action instituted by William F. Stripling. William F. Stripling was asked the following question by counsel for the defendant, "I will ask you if you haven't told Hugh since this accident that in your judgment you felt like this was an unavoidable accident?" The plaintiff objected to this question on the ground that Mr. Stripling did not see the accident. The court sustained the objection, to which there was an exception.

 William F. Stripling was not a witness to the accident. Therefore, he could not have known whether Thomas Hudson was at fault or not. In Jones on Evidence, Vol. 1 (4th Ed.), pp. 453–454, the rule in a matter of this kind is stated as follows:

"Although admissions have sometimes been treated as competent evidence under the head of one of the exceptions to hearsay evidence, yet they are open to but few of the objections which may be urged against hearsay testimony. They are, it is true, declarations made out of court and without the sanction of an oath, yet they are statements, not of third persons, but of a party to the litigation; and, where they are offered against him, it is only fair to presume, until the contrary is shown, that they are correct. But it does not necessarily follow that whatever a party may say, though remotely connected with the litigation may be offered as an admission against him. The statement or act must be deserving or of such a character that from it

some inference may be fairly drawn to the party's prejudice. Again, it is generally regarded as essential to the admissibility of declarations against interest that the declarant shall have knowledge of the fact declared; his mere declaration of opinion against interest is not within the rule. * * *."

In the case of Benefit Ass'n of Railway Employees v. Armbruster, 221 Ala. 399, 129 So. 78, 80, it was said: "A declaration not appearing to relate to any matter within the knowledge of the declarant, or to shed light on the real issue, may be rejected, although against interest." Furthermore, the objection was properly sustained under the circumstances, because the question was concededly objectionable so far as Billie Gail Stripling was concerned and the offer of evidence was in both cases and not limited to the case of William F. Stripling alone.

We conclude that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.