## GARNER v. GREEN & ELLIOTT.

1. When an act which is continuous in its nature, is proved to exist, its continuance may be presumed until the contrary is shown.

2. G. was the owner of a ferry over the Coosa river, which was managed by E. for a share of the profits. During high water, when the ferry was impassable, E. was in the habit of taking the boat, and the hand who assisted him at the ferry, and conveying passengers over a creek, which emptied into the river above the ferry, to enable them to cross the river at another point. Upon one of these occasions, a waggon with its lading, was lost, by the negligence of the ferryman. Held, that to show that the ferry over the creek, was an appendage of the ferry over the river, it was admissible to prove the transportation of travellers, by E. across the creek, as well after, as before, the act which occasioned the loss.

Error to the Circuit Court of Benton.

TRESPASS on the case, by the plaintiff in error, against the defendants in error, as common carriers.

Upon the trial, it appeared that the defendant, Green, was the owner of a ferry across the Coosa river, near the mouth of Beaver creek, and that Elliott was his ferryman. That when the water was too high to use the ferry across the river, the ferry flat used in conveying persons, and property, across the Coosa, was employed, under the management of the ferryman, from time to time, for a period of five years, in transporting persons, and property, over Beaver creek, near where the same empties into the Coosa. That the plaintiff came to the ferry over the Coosa, and the water being too high to cross, Elliott, the ferryman of Green, proposed to take him, his wagon, &c., across the creek, by which means he could, at another ferry, cross the river; that in atttempting to do so, by his neglicence, the waggon, team, and load were lost. Elliott managed the ferry for Green, across the Coosa, for a share of the profits. Green was not present when the accident happened, but lived within a quarter of a mile of the ferry.

The plaintiff then offered to prove by a witness, that about twelve months after the commencement of this suit, the ferry-

Garner v. Green & Elliott.

man of defendant, had conveyed him during high water, across the mouth of Beaver creek, and charged ferriage, and the counsel for the plaintiff, admitting that he could not connect this testimony, further, than by the testimony already given in, the Court, on motion of the defendant, excluded it from the jury; which is the matter now assigned for error.

RICE, for plaintiff in error, argued, that the evidence rejected, was relevant; the object being to connect Green with the ferryman, in transporting passengers, and property, across Beaver creek; and to authorize the jury to infer, that Green knew and approved of it. For this purpose, proof of his acquiesence, after the loss here sued for, should have been given in evidence, for the purpose of strengthening the evidence previously offered. He cited 8 Porter, 70, 511; 1 Ala. Rep. 83; 3 id. 16, 371; Lester v. The Bank of Mobile, at the present term.

W. B. MARTIN, for defendant in error.

ORMOND, J.—The question to be determined, is, whether the evidence excluded by the Court, was relevant. It appears that Green was the owner of a ferry over the Coosa river, which was managed by Elliott, for a share of the profits. It also appears, that during high water, when the ferry was impassable, Elliott was in the habit of taking the boat, and the hand who assisted him at the ferry, and carrying passengers over a creek, which emptied into the river above the ferry, to enable them to cross the river at a different point. In an attempt to carry the plaintiff's waggon across the creek, it was lost, with its lading, and the effort at the trial, was, to fix the liability on Green. This was attempted to be done by proving facts, from which the participation of Green, in the profits, might be inferred. Thus, it was proved, that Green lived within a quarter of a mile of the ferry— that Elliott had frequently before transported travellers across the creek, during high water, and had done so about a year afterwards. The evidence of the act subsequently to the loss, was objected to, and excluded by the Court, and this is the only question presented upon the record for revision.

Presumptive evidence, is founded upon the connection, which is found by experience, to exist, between the facts, which are prov-

13

ed, and those which are intended to be proved. The presumption intended to be drawn from the facts in proof, in this case, is, that from the contiguity of the residence of Green, to the ferry, he knew of the acts of Elliott, in transporting passengers and property over the creek, during high water, and from this knowledge, the further presumption is attempted to be derived, that he would not suffer the use of his property in such a hazardous employment, without a participation in its benefits.

We are not prepared to say, that the evidence was admissible upon this theory. Presumptions which may properly be made, are only justifiable, where they are the natural, or necessary consequence of the acts proved, and exclude every other reasonable hypothesis. Yet it is by no means unreasonable to suppose, that Green, may have allowed his ferryman the use of his boat, and hand, as a gratuity, or perquisite, upon these extraordinary occasions. The conclusion is not therefore sufficiently certain, to be the basis of human conduct, either in the jury box, or in the ordinary transactions of common life. And in this view of the case, the evidence of the acts of Green, both before and after the act, which occasioned the loss, would be alike inadmissible.

There is, however, one aspect of the case, upon which the testimony should have been received. It appears that Green, and Elliott, were jointly interested in the profits of the ferry, upon the Coosa, and to prove that this custom of transporting passengers and property over the creek, was a mere appendage of the principal ferry, the evidence was clearly admissible. When a fact, which in its nature is continuous, is proved to exist, its existence subsequently, may be presumed. Thus when a partnership is once proved to exist, its continuance will be presumed, until the contrary is shown, and *a fortiori*, where a partnership is proved to exist at two different periods of time, it will be presumed to have existed during the intervening period. [3 Starkie's Ev. 1077.]

The fact that the ferry over the creek, during high water, was but a temporary removal of the ferry over the Coosa, could, like any other fact, be proved by circumstantial evidence, and any act, tending to establish that fact, whether it happened before, or after, the act which occasioned the loss, would be legitimate testimony; the fact to be proved being continuous in its nature, and having no necessary, or immediate connection with the point of

time when the act happened, which occasioned the loss.   In Mc-
Leod v. Walkley, 3 Car. & P. 311, it was held, that an admis-
sion by one, that he was an editor of a paper upon one day, was
no evidence that he was editor on a subsequent day.   This de-
cision must be based upon the fact, that the business is not neces-
sarily continuous; but we apprehend, that if it had been proved
that he was editor at two different periods of time, a presumption
would have arisen, that he was so, during the intervening space.

What influence the testimony excluded would have had upon
the jury, it is not our province to determine; it may be in itself
very weak, and not entitled to much consideration, as it might
seem, that if the previous acts proved, did not establish the unity
of the two ferries, the single subsequent act, would not exert any
influence.   This, however, is a speculation we cannot indulge
in; if the testimony was relevant, it was improperly excluded.
Such we have seen is the fact, and the judgment must be there-
fore reversed, and the cause remanded.