# Birmingham Mineral Railroad Company v. Wilmer.

| 97 | 165 |
| 130 | 546 |
| 120 | 599 |
| 97 | 165 |
| 129 | 582 |

*Action for Damages for Personal Injuries to Employe.*

1. *Collective facts, not a conclusion.*—That the cars of a freight-train were started with "an unusual hard jerk," is not a conclusion but a short-hand rendering of facts properly admitted as testimony.

2. *When motion for new trial properly overruled.*—When the verdict is for plaintiff, and a motion is made for a new trial on the ground that the verdict was against the evidence, it is properly overruled, when the evidence is such that the jury may have so construed it as to authorize the verdict, notwithstanding the evidence was also susceptible of a construction that might warrant a different verdict.

3. *Proper evidence of probable length of life.*—The court properly admitted the American mortality tables to show plaintiff's probable length of life, although plaintiff was engaged in a more hazardous employment than persons with reference to whom the tables were made up.

4. *When general charge not ground for reversal.*—The fact that a portion only of the general charge, to which an exception was reserved, was claimed to be inapplicable to the case and abstract is not ground for reversal.

[Birmingham Mineral R. R. Co. v. Wilmer.]

5. *Burden of proof as to negligence of engineer.*—When the negligence of the engineer is alleged to be the cause of injury to plaintiff the burden is on the plaintiff to reasonably show such negligence.

6. *When onus resting on party having affirmative of issue not discharged.*—The mere fact that there is evidence which tends to prove the affirmative of an issue, no matter from which side the evidence comes, does not, as matter of law, discharge the onus resting on the party having the affirmative of that issue. And this onus is not discharged by any tendency of the evidence which falls short of reasonably satisfying the jury of the facts involved in the tendency.

7. *Charges properly refused.*—(1) The court properly refused to instruct—at the request of the defendant—that if the evidence tended to show that plaintiff was guilty of contributory negligence the burden of proof was on plaintiff. (2) The court properly refused an instruction which was confessedly a mere argument intended to answer certain remarks of plaintiff's counsel.

APPEAL from the Circuit Court of Jefferson.

Tried before Hon. JAMES B. HEAD.

Action by Albert E. Wilmer against the Birmingham Mineral Railroad Company for personal injuries.

The facts of this case and rulings of the court upon the evidence are sufficiently shown in the opinion. The court, after instructing the jury that there could be no recovery by plaintiff on account of any fault of defendant in using the kind of engine it used on that occasion, instructed the jury in its oral charge as follows: "I am requested to charge you on this point: An engineer in the discharge of his duty must have reference to the nature and character and condition of the appliances he has to deal with, and he must exerise care with reference to those conditions; for instance, if he had an engine of a peculiar kind, that required more care to start it right than other engines, it would be his duty to have regard to that, and exercise that degree of care which the character of the engine called for. If there is anything in the evidence with reference to the character of the engine that would throw any light upon the duty of the engineer on what would be ordinary care on his part, it would be proper for you to consider the conduct of the engineer in that light." The defendant duly excepted to this portion of the court's oral charge to the jury, and also reserved an exception to the following charge, which was given by the court at the request of the plaintiff: "The plaintiff in this case does not have to satisfy the jury beyond a reasonable doubt that the engineer was negligent, but the burden goes only to the extent that the plaintiff must reasonably satisfy the jury of such negligence." The defendant thereupon requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: "(1) That, if the jury

believe the evidence in this case, they must find for the defendant." "(2) There is no evidence in this case that the brake-wheel which plaintiff testified to having hold of at the time of the alleged jerk was revolving while plaintiff had hold of same." (3) "That, under the evidence of this case, the burden of proof of contributory negligence is not upon the defendant." (4) "That in this case, under the evidence, the burden of establishing contributory negligence upon the part of the plaintiff is not upon the defendant." (5) "That, if the jury believe the evidence in this case, they will find that from the time defendant's engineer blew off brakes and the time of the starting or jerking the car on which plaintiff stood was 10 or 15 seconds." (6) "That if the jury believe from the evidence that the testimony of plaintiff tended to show that he was guilty of contributory negligence in not taking proper precautions to prevent his injury, then the burden of proof of contributory negligence is not upon the defendant, but is upon the plaintiff." There was judgment for the plaintiff, and the defendant brings this appeal, and assigns as error the various rulings of the lower court.

HEWITT, WALKER & PORTER, for appellant, filed a lengthy argument, citing on the admissibility of the evidence as to the jerk, 1 Thompson on Trials, Sec. 377, and as to contributory negligence of plaintiff *N. B. R. R. v. Calderwood*, 89 Ala. 247; *C. R. R. v. Sims*, 7 S. E. Rep. 176.

SMITH & LOWE, for appellee. No brief came to the hands of the reporter.

McCLELLAN, J.—This is an action by Wilmer against the Birmingham Mineral R. R. Co. sounding in damages for personal injuries alleged to have been suffered by the plaintiff while discharging his duties as a brakeman on a freight-train of the defendant company through the negligence of the engineer in the management and operation of the locomotive attached thereto. The train having stalled while running on a high trestle up a very considerable grade and brakes having been applied to hold it in place until another start could be made, the engineer signaled for the brakes to be released. Plaintiff had charge of two brakes. He promptly responded to the signal, and, having released one brake, had reached and was in the act of releasing the other, the engine meantime being put in motion, when the momentum of the engine after taking up the slack between the cars nearer to it was communicated to the car

on which plaintiff was, and brought that into motion with a "jerk" which threw, or caused the plaintiff to fall off to the ground under the trestle, a distance of forty-five feet, and produced the injuries now complained of.

1. Plaintiff was allowed to testify against objection that the jerk by which his car was set in motion "was an unusual hard jerk," and this ruling is the subject-matter of the first assignment of error. It is common knowledge, and also shown by the evidence in this case, that the several cars in a freight-train are brought into motion by a jerk occasioned by sudden taking up of the slack between them as the momentum of the locomotive is communicated from one car to another. Jerking with some degree of violence may therefore be said to be generally necessary and incident to the starting of such trains, and the fact that it occurs in a given instance with that degree of violence which is usual under the particular circumstances as to grade, character of cars, and the like, is no evidence of negligence in setting the train in motion. On the other hand, when this violence is greater than is usually necessary or usually incident to starting under the particular circumstances, it is some evidence of a want of care on the part of the engineer. And there must, of course, be some means, or manner of speech, to get this relevant and competent evidence before the jury. Much consideration has failed to disclose to us any practical way for this to be done other than that in which it was done in this case. It would seem to be impracticable for the witness to intelligibly state the degree of violence by measurement of inches and fractions of moments of the suddenness, force and effect of the jerk which is usual, and by similar measurement of the jerk in the particular instance demonstrate to the jury, on the supposition of their belief in his testimony, that the latter was unusually hard and sudden, involving some lack of care on the engineer's part. It is necessary, we think, that the witness knowing by experience all the elements or factors which make up the usual and necessary suddenness and force of this jerking motion, and what suddenness and force would be beyond the line of the usual and necessary, but being unable in the nature of things to lay these factors before the jury, should be allowed to state as a "short-hand rendering" of, and the only practicable way of deposing to, these integral facts that the motion or jerk "was unusually hard."—*East Tenn., Va. & Ga. R. R. Co. v. Watson*, 90 Ala. 41; *Louisville & Nashville R. R. Co. v. Watson*, 90 Ala. 68.

2. It is not for us, and was not for the Circuit Court to

say, whether this testimony had reference to the jerking of freight cars in general in bringing them into motion or to the jerk in this particular instance and under the particular circumstances under which it was made here. That was matter of inference for the jury; and if they found that it had reference to the jerk which it is claimed produced the injury to plaintiff considered with reference to the facts that the train was stalled on a heavy up grade, that the train was itself a heavy one consisting of many loaded cars, and that the witness meant that the jerk was an unusually hard one even when measured by these circumstances, this would have been evidence of the negligence charged in the complaint. Moreover it is not disputed that plaintiff was knocked off by or fell off the train in consequence of this jerk. This was itself some evidence for the jury that the jerk was unusually and negligently severe. It surely can not be said to be usual or necessary to jerk a train into motion under any circumstances with such force and suddenness as to hurl employees from the top of it while they, as the jury might have found plaintiff to be, are ordinarily careful and diligent. The testimony of the plaintiff as to the character of the jerk, the fact that he was thrown off or fell off at the time of the jerk, and his further testimony as to what he was doing at the time and the manner of doing it, which the jury might have believed, and, believing, found that he was using due care to maintain his position but that notwithstanding this the jerk was so violent as to inflict the injury complained of, was such evidence of the engineer's negligence as to require the case to go to the jury. The evidence tending to show due care on the part of the engineer goes only to show that the jerk was not an unusually severe one at the extreme rear of the train—which might well be true without the evidence of its unusual severity at the point where plaintiff was, midway the train, being at all impugned thereby—and that the character of the grade, train, &c., were such as to render a hard jerk necessary—and this might well be true, and yet the jerk found to exceed even such necessity. On this state of the case, we are unable to say that "after allowing all reasonable presumptions in favor of the correctness of the verdict, the preponderance of evidence against it is so decided as to clearly convince the court that it is wrong and unjust." And hence our conclusion that the trial court did not err in overruling the motion for a new trial based on the grounds that the verdict was not supported by the evidence, and was against the evidence. *Cobb v. Malone & Collins,* 92 Ala. 630.

[Birmingham Mineral R. R. Co. v. Wilmer.]

3. The American mortality tables were properly admitted. Their office in the case was to afford data to which the jury might look in connection with all other facts in arriving at a conclusion as to the amount of plaintiff's damages. They were by no means conclusive even as to plaintff's probable length of life, but they were to be considered along with the other evidence to aid the jury. That the plaintiff was when injured engaged in a more hazardous employment than persons with reference to whom the tables were made up was a circumstance to be taken by the jury as tending to show that plaintiff's expectancy of life was less than the tables would indicate for one of his age, but the tables were none the less admissible on that account.—*Vicksburg & Meridian R. R. Co. v. Putnam.* 118 U. S. 545; s. c. 27 Amer. & Eng. R. R. Cas. 291; *L. & N. R. R. Co. v. Frawley,* 28 Amer. & Eng. R. R. Cas. 308.

4. It is urged against that part of the court's general charge to which an exception was reserved only that it is not applicable to the case—is abstract, in other words. This is no ground for a reversal.

5. The charge given at plaintiff's request had reference solely to the burden of proof on the question of the engineer's negligence. That his negligence was an issue in the case, that the burden on that issue was with the plaintiff, and that it was only necessary to discharge this burden that plaintiff should reasonably satisfy the jury of such negligence, are propositions which are not controverted; and this is all the charge contains. It does not even tell the jury that if satisfied of the engineer's negligence and that it was the cause of the injury without concurring negligence of plaintiff, they should find for plaintff, though it might well have done so.

6. The burden of proof as to contributory negligence is in all cases on the defendant. Plaintiff's evidence sometimes obviates the necessity of proof by the defendant that the injury was due to contributory negligence, but even in such case it is inaccurate and misleading to say that the burden is on the plaintiff or is not on the defendant. A charge to that effect is especially pernicious in a case like this, where it was a matter of pure inference to be drawn by the jury whether plaintiff was negligent or not, and where they found that he was not negligent as they had a right to do. The necessary indirect effect of charges 3, 4, and 6, requested for the defendant, was to induce the jury to believe that the court meant to instruct them that plaintiff was guilty of contributory negligence. The mere fact

[Mary Lee Coal & Railway Co. v. Chambliss.]

that there is evidence which *tends* to prove the affirmative of an issue, no matter from which side the evidence comes, does not as matter of law discharge the *onus* resting on the party having the affirmative of that issue: the *onus* is not discharged by any tendency of the evidence which falls short of reasonably satisfying the jury of the facts involved in the tendency. These charges were properly refused.

7. Charge 2 refused to the defendant was confessedly a mere argument intended to answer certain remarks made by plaintiff's counsel. Its refusal was not erroneous.

8. Nothing is said in argument in support of defendant's 5th charge; and what we have said above will disclose the grounds of our opinion that the first charge requested by defendant, which required a verdict for the defendant if the jury believed the evidence, was properly refused.

Affirmed.