(92 South. 22)

**THOMPSON v. POLLOCK DRY GOODS CO., Inc. (I Div. 419.)** *

(Court of Appeals of Alabama. Nov. 12, 1921. Rehearing Denied Dec. 20, 1921.)

**I. Damages ⬤⇒113—Damages for injury to automobile in collision stated.**

Measure of damages for an injury to an automobile is the difference between the market value just before and just after the collision.

**2. Damages ⬤⇒208(1)—Instructed verdict as to amount of damages to automobile in collision error.**

In an action for injury to plaintiff's automobile through collision with defendant's truck, where plaintiff's car was shown to have been new and uninjured just prior to the collision, and that the truck ran into it and "considerably mashed in" the side, and, when the car was driven home by the plaintiff's wife, who was driving it at the time of the accident, plaintiff immediately took steps to ascertain the exact damage, had the car photographed, and had it examined by experts who testified as to its value in its then damaged condition, which would have entitled plaintiff to a much larger recovery than the amount tendered by defendant, it was error to instruct the jury to return a verdict for the amount of the tender; for,

the injury being shown by evidence, it would be presumed to continue, so that the evidence of the examination of the car by the owner a few moments after the accident and four hours afterwards by others would not be incompetent.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by W. T. Thompson against the Pollock Dry Goods Company, Incorporated, for damages for injuries to an automobile as the result of a collision. From an insufficient judgment, plaintiff appealed. Reversed and remanded.

William B. Inge, of Mobile, for appellant.

The court was in error in directing a verdict as he did. 12 Michie, Dig. 387; 38 Ala. 584; 193 Ala. 664, 69 South. 102; 81 Ala. 343, 1 South. 108; 128 Ala. 523, 29 South. 618.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

The court was correct in his ruling, and all other errors were without injury. 196 Ala. 148, 72 South. 96; 202 Ala. 252, 80 South. 90. A presumption arising from the condition of a thing is never retroactive. 10 R. C. L. 873; 55 Tex. Civ. App. 403, 118 S. W. 1130; 32 Nev. 278, 107 Pac. 882, L. R. A. 1918D, 584.

SAMFORD, J. The plaintiff claims damages for that defendant's truck was negligently backed into plaintiff's automobile, thereby causing certain injury. There was a plea of the general issue and also a plea of tender. By the plea of tender the defendant admitted the tort, but claimed the damage to be only $180. The court at the request of the defendant instructed the jury to return a verdict for the plaintiff for $180, which the jury did, under protest. The verdict was general and did not respond to the plea of tender.

[1] It is too clear to admit of doubt that the measure of damage is the difference between the market value just before and just after the collision. Birmingham Ry., L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96.

[2] The defendant insists that the plaintiff has offered no proof of the reduced value of his automobile, and therefore his only recovery must be only in such amount as is admitted to be due. The trial court took this view of the case and so ruled. In this ruling, we are of the opinion, the trial court was in error. The plaintiff's car was shown to have been new and uninjured just prior to the collision. It was shown by eyewitnesses to have had run into it a truck which struck it on the right side, the side of the car being "considerably mashed in." The collision occurred about 1 o'clock, and between 1 and 2 o'clock Dr. Thompson, the owner, examined the car, it having been driven from the scene of the accident by his wife, who was driving the car at the time, to his study. Dr. Thompson immediately took steps to ascertain the exact damage, and for that purpose had the car photographed and had it examined by experts, who testified, or offered to testify, to a value in its then damaged condition that would have entitled the plaintiff to a much larger recovery. It having been shown that the collision occurred, that in the collision the plaintiff's car was crushed in on the right side as a result of that collision, a status was fixed continuous in its nature until the contrary is shown, and to assume that the car was in any different condition immediately after it was injured and when it was examined a few moments afterward by Dr. Thompson and four hours afterwards by others, without any proof going to show its changed status, is the merest speculation. The foregoing principle is recognized in Garner v. Green, 8 Ala. 96; 10 R. C. L. 872, § 15. The trial court erred in giving the charge, and for the error the judgment is reversed, and the cause is remanded.

Reversed and remanded.