(128 So. 228)

**SOUTHERN RY. CO. v. SMITH.**

6 Div. 427.

Supreme Court of Alabama.

April 10, 1930.

Rehearing Denied May 22, 1930.

---

[1] 220 Ala. 402.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

London, Yancey & Brower, George Frey, and Whit Windham, all of Birmingham, for appellee.

276

FOSTER, J.

This is an action for personal injuries under the Federal Employers' Liability Act (45 USCA §§ 51–59). No question is raised as to the application of that act, or the sufficiency of the complaint. It is claimed by appellee that, by reason of a sudden violent and unusual jerk while he was in the discharge of his duties as a switchman, and while on top of a car near the back end of a cut of twenty-six cars, as they were being switched in the yards in Birmingham, he was thrown from the cars to the ground, breaking his back, and resulting in serious permanent injuries.

One of the issues of fact was whether the engineer knew, or ought to have known, in the exercise of due care, of appellee's position at the time, also, whether it was an unusual, unnecessary jerking of the cars at the time, which caused appellee to fall, or whether his fall was due to his own act, in assuming a position on top of a wet box car, which was dangerous under the circumstances, and which was in fact the proximate cause of his injury, in view of his assumption of the ordinary risks of his employment.

The errors assigned consist of the refusal of the affirmative charge, the admission of testimony, charges to the jury, and overruling a motion for a new trial.

■ Counsel argue first the refusal to give the affirmative charge for appellant. We will therefore treat that question first. This contention is based chiefly upon the idea that there is no evidence, from which a reasonably fair inference may be drawn, that the engineer had knowledge, or was negligent in not knowing, that appellee was in a position where he would likely be injured by an unusual and unnecessarily violent jerk of the train of cars. The complaint makes such charge. It is a necessary element of the claim. Southern Ry. Co. v. Carter, 164 Ala. 103, 107, 108, 51 So. 147; Mobile L. & R. R. Co. v. Bell, 153 Ala. 90, 45 So. 56; Southern Ry. v. Dickson, 211 Ala. 481, 100 So. 665. Appellant also claims that the scintilla doctrine does not apply.

The movement of the cars consisted in pulling them out of track No. 9 into the "lead" track, and then backing them into track No. 8, also connected with the "lead" track. It was near dark; some of the employees were using lanterns; and appellee mounted the car, next to the last one, and signaled with his lantern, as he testified, that the engine proceed. The engineer could see this signal and responded to it. The train proceeded and in getting on the lead track it curved to the left. The engineer was on the right of his engine, appellee on top of the car next to the last, with his lighted lantern in hand. There was nothing between them but the train of cars, on top of one of which appellee was standing. There was not shown to be any obstruction on top of the cars between the engineer and appellee. Track 9 and the lead track were straight with a slight curve at their intersection. Appellee was apparently in plain view when he gave the forward signal. The jury could infer that the engineer could have seem him on top of the cars when the alleged jerk was made. If the engineer did not know he was still there, was he negligent in not knowing it? There may be conflicting inferences as to whether it may have been expected that appellee would get off the cars to couple them, with some on track No. 8. It was, however, open to the jury to find that as appellee was on top of the cars, and another switchman was down near track No. 8 switch, there would be no occasion for appellee to get off the train. The engineer testified that the other switchman was standing on No. 9, and that appellee got down. In the latter statement he must have been mistaken. He also testified that, in making that switch, it was customary for appellee to get off and make the coupling. The jury was called upon to, and did, decide which of the inferences was best supported.

■ There was undoubtedly evidence of the other elements of the claim, viz.: That appellee was thrown off the car due to a sudden jerk, by the engineer, which was extraordinary and of unusual violence and unnecessary in the operation of the train. Southern Rwy. Co. v. Dickson, supra. If there was sufficient evidence, therefore, to be submitted to the jury, on the question of knowledge by the engineer of appellee's position of danger, and that

the injury was the proximate result of the engineer's wrongful act, the affirmative charge was properly denied, though appellee may also have been negligent in assuming a position which, under the circumstances, was a negligent exposure to danger. Mobile & O. R. Co. v. Williams, 219 Ala. 238, 121 So. 722; Louisville & N. R. R. Co. v. Jacobson, 218 Ala. 384, 118 So. 565. If there was no breach of duty to appellee by the engineer, of course there can be no recovery in this case. If there was such breach of duty proximately causing the injury, the contributory negligence of appellee does not justify the affirmative charge for appellant in a suit under the Federal Employers' Liability Act.

If the engineer gave a sudden, unusual, and unnecessarily violent jerk with notice, either actual or imputed, that plaintiff was standing on top of a car near the rear of the train, and that such jerk would subject him to unusual danger, though standing in the manner most secure for his safety, and if the jerk did proximately cause him to fall and sustain the injury, or proximately contribute to that result, the fact that plaintiff may have been negligent in not taking such a position of safety, as the facts would have reasonably required as an act of ordinary care, and such failure, on his part, also proximately contributed to his injuries, his contributory negligence, though undisputed, is not, as we have stated, a defense under the Federal Employers' Liability Act, and would not justify the giving of an affirmative charge for defendant.

■ The jerk, however, to justify a recovery must have been of such nature as would be dangerous to one in such a reasonably safe position as was available for plaintiff to occupy, in the absence of knowledge by the engineer of his being in a more dangerous position. The engineer could assume, without notice to the contrary, that plaintiff was in such a safe place and position as ordinary care would suggest on top of the car, if he knew plaintiff was on top of the car. And if the jerk was of a dangerous character as thus described, it could not be said as a matter of law that plaintiff's position, though itself not an exercise of reasonable care, was the sole proximate cause of his injury, and entitled defendant to the affirmative charge. Whether the jerk was of such nature was for the jury.

■ We will not consider the scintilla rule as applicable to this form of action. It was discussed in an opinion which was not finally adopted for the court in Illinois Cent. R. Co. v. Johnston, 205 Ala. 1, 87 So. 866. Though the scintilla rule should not be applied, we think the evidence was sufficient to go to the jury. The engineer knew that appellee had been upon the top of the cars, and knew, that if he were still there, any unnecessarily violent and extraordinary jerking of them would

subject him to unusual danger, and, that he might still be there. We think that the jury could reasonably find, that it was a want of due care to give an unusual and unnecessarily violent jerk without taking proper precaution to see if appellee was still in a position where such would be unusually dangerous to him, and that he could have observed the position of appellee by looking back over his train of cars. Southern Rwy. Co. v. Dickson, supra.

■ Appellee had been switchman for appellant, in the yards in Birmingham, for ten years, and had been engaged in railroad service about seventeen years. He was asked by his counsel whether, from such experience of seventeen years, the jerk of the cars on the occasion in question was "unusual," and in another question if it was "an ordinary jerk, incident to the proper handling of the railroad cars, or whether it was an extraordinary, unusual and unusually violent jerk," and in another question, if it was "an unnecessary jerk." He was permitted to answer them all in his interest, and also to state that the "jerk was caused by the slack going in and then giving too much steam to it; which slack in the drawheads caused to jerk my feet from under me next to the rear car. The air was not working on the rear car, and that caused them to run in." All this was over the seasonable objection and exception of appellant.

Questions of this nature were treated by this court in the case of Southern Rwy. Co. v. Dickson, supra, where the authorities are cited, and it was held that the evidence was properly given. We refer to that case for the citations in point.

It is insisted that the witness should not say it was an unnecessary jerk. But we think the proper interpretation of the answer is that the extraordinary nature of the jerk was unnecessary; not that an ordinary incidental jerk was not necessary. The witness was shown to have expert knowledge, as a natural inference, from seventeen years continuous work of such general nature. As an expert, one is usually allowed to express an opinion of the nature of that inquired about including, we think, the cause of the jerk as that too much steam was applied. Louisville & N. R. R. Co. v. Jacobson, supra.

Counsel rely on the case of Gulf, M. & N. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. Ed. 370, to the effect that the evidence by the injured party that the jerk was unusual, was without value because it was a mere conjecture on his part. But it appears in that case that he was on the ground at the time, and could not see what occurred on the engine, his foot had turned on a piece of coal and he had gone "down," the court saying that "he could not compare with any accuracy the jerk which he then felt with those he had experienced when riding on freight trains." Where-

as in the instant case, he was riding on the freight train, and he says he could see the engineer in his cab, and has had seventeen years' experience in such matters.

■■ In charging the jury, the court gave expression to some general legal principles to which exception was taken. No. 16 is an exception to three excerpts all as one paragraph. They were taken from different parts of the charge, and assembled as one, and exception taken to the assembled paragraph as though the court had so assembled them. Exceptions 17, 18, and 19 separated them, and reserved exception to each separately. There is no misstatement of law in any of them. The particular objection is that no reference is made to the requirement that the engineer must have knowledge or be negligent in not knowing of the dangerous position of appellee. The charges do not, any of them, predicate a right to recover in this case on any state of facts hypothesized. The several excerpts but relate to some of the essential features of the federal act. That act gives a cause of action for injuries resulting from negligence of any officer, agent, or employee of an interstate railroad carrier under the conditions named. The excerpts do not undertake to set up all the conditions which justify recovery. The first, No. 17, requires reasonable care to avoid injuring persons working on trains. This is certainly true, and the reasonable care may relate to an absence of knowledge of the dangerous position of such persons. The second, No. 18, merely, in most general terms, refers to the liability act, without undertaking to particularize any of its features. The third, No. 19, is but the statement of an elementary principle which applied to most every tort action, where the wrong is committed by an agent of defendant. Each contains no misstatement of law.

There is no statement here that a sudden and unnecessarily violent jerking, without the requisite knowledge or negligence in that regard, justifies a recovery. We have said that, under such circumstances, it is not even necessary to plead such knowledge or negligence in that regard. when the act of negligence is not specified, but stated, in general terms. Mobile & O. R. R. Co. v. Williams, 219 Ala. 238, 121 So. 722. Taken in its entirety, the charge of the court shows that a recovery under the act must depend upon some negligence of an employee in the scope of his employment which proximately caused plaintiff's injuries. We find no reversible error shown by the exceptions referred to.

■■ We have indicated that, in our judgment, the evidence was such, as that the refusal of charge No. 18 was justified by the evidence. The substance of charge No. 17 is embraced in given charge No. 19. Charge No. 20 and charge No. 22 are invasive of the province of the jury.

■■ Charges 7 and 8 are treated by counsel for appellant as presenting one and the same legal proposition. So treating them, we cannot agree that the rule stated in Birmingham Min. R. R. Co. v. Wilmer, 97 Ala. 165, 11 So. 886; St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70, does not apply to the facts of this case.

We do not think the particular attitude of plaintiff on top of the car, as a matter of law, prevents an application of the rule there stated, that the fact that he fell off the train, in consequence of a jerk, is some evidence that the jerk was unusually or negligently severe, unless the jury should find that his attitude was such as that an ordinarily careful jerk would have caused him to fall as he did. In view of the fact that the jury could find that an ordinary jerk would not have caused plaintiff thus to fall, we cannot say as a matter of law in this case that a fall caused by the jerk was not some evidence of negligence. To say so would invade the province of the jury. It will be observed that, the jury was not instructed that in this case the fall, occasioned by a jerk, was some evidence that it was unusual or negligent. That would likewise have been invasive of the province of the jury as applied to the facts and contentions in this case.

■■ On the motion for new trial, appellant insists that the verdict was contrary to the evidence. Whether we would have found as the jury did is not the conclusion which determines our judgment in considering the ruling on that motion. In this respect, we find ourselves in the condition stated in the case of Southern Rwy. Co. v. Dickson, supra. The question in that case, as here, was whether the jerk of the train was sudden and violent to an unusual and unnecessary extent. Plaintiff's statement in that case was not corroborated but denied by the engineer, one switchman, who was on top of the same train, and one who was on the ground. Here, the testimony of plaintiff is contradicted by the engineer, fireman, and two others; the latter were on the ground, and testified in an unsatisfactory manner in this respect, and were not in a favorable position to know definitely whether there was an unusual, sudden, and violent jerk.

■■ The court, at appellant's instance, charged the jury in effect, that they were not authorized to find that the engineer knew that plaintiff was standing with one foot on the running board and the other on the roof of the car. Counsel therefore argue that the verdict was contrary to this charge. We cannot agree with this contention. Knowledge, by the engineer, of the manner in which plaintiff was standing on top of the train, or negligence in respect to such knowledge, is not essential to recovery, but only the fact that he was standing on top of it in such a position

as that an unusually violent jerk would subject him to unusual danger.

There is no other ground of the motion for new trial argued in appellant's brief, except those we have considered.

We cannot say that there was error in overruling the motion on those grounds. We have treated all the contentions made by counsel in brief, and have arrived at the conclusion that none of them show reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.