191 So.2d 212

**Paul H. ROBBINS et al.**

**v.**

**Alma W. VOIGT et al.**

**6 Div. 47, 48.**

Supreme Court of Alabama.

Oct. 20, 1966.

Davies, Williams & Wallace, Birmingham, for appellants.

Rogers, Howard, Redden & Mills, Birmingham, for appellees.

**210**

PER CURIAM.

Defendants, Paul H. Robbins and his corporate employer, Joslyn Manufacturing and Supply Company, a Corporation, here appeal from two judgments rendered in the Circuit Court of Jefferson County, one of which is in favor of Mrs. Alma W. Voigt for personal injuries alleged to have been sustained in a collision between the automobile she was driving and one driven by Paul H. Robbins while on business for his corporate employer, and the other in favor of H. A. Voigt, Mrs. Voigt's husband, for medical expenses in the treatment of his wife, and for loss of his wife's services, consortium and society caused by said personal injuries to his wife. He also claimed damages to his automobile that his wife was driving when the collision occurred on September 23, 1960.

The two cases, that of the wife and the husband, against defendants were consolidated, under a law applicable to Jefferson County, and tried jointly with separate verdicts. The appeals here are likewise consolidated for submission and consideration of this Court.

The jury returned a verdict for Mrs. Voigt in the sum of $2,000.00, and in favor of the husband for $4,000.00. Appropriate judgments were duly entered.

While we have carefully read the entire record of the pleadings and the evidence, to the end that we might obtain a reasonably accurate mental picture of the entire proceedings, supplementing the contentions of the parties as to what occurred, we do not think it is necessary to detail our observations beyond the perspective of the assignments of error. Both parties have submitted excellent briefs that have been very helpful to us. The trial court gave a very clear and comprehensive oral charge on the issues and law of the two cases, and which we are sure the jury found very helpful to them in reaching their verdicts. The lawyers for the parties in the trial were very dutiful in adhering to the issues.

As we view the evidence, it appears that Mrs. Voight was driving west on Morris Avenue in the block between 19th Street on the east and 18th Street on the west, in the City of Birmingham, when, having reached a point somewhere near the middle of the block, the collision occurred. Mr. Robbins was driving an automobile in the same direction, west, when, having first stopped for some traffic to pass, he proceeded, at a very moderate rate of speed, in the direction of a left turn to reach a parking area on the south side (to his left) of Morris Avenue. While he was in the process of making this left turn, with his left signal light blinking, according to his contention, to indicate the turn, the automobile driven by Mrs. Voigt came up to his rear, and without seeing her, although he claims to have looked, he drove his car to a position where the left side of his car collided with the right sector of Mrs. Voigt's car. It is averred in both complaints of the plaintiffs that the damages claimed were the proximate result of the alleged negligence of defendant Robbins.

The parties pleaded the usual pleas in short which raised the issue of negligence on the part of the defendant Robbins and contributory negligence on the part of the plaintiff, Mrs. Voigt. The jury by its verdict decided the issues in favor of plaintiffs and against the defendants.

■ A factual issue submitted to the jury was whether or not Mr. Robbins was violating a Birmingham City Ordinance in making or attempting to complete a left turn at the point involved. The City had an

ordinance, of which the trial court and this Court take judicial notice, reading as follows:

"It shall be unlawful for a person driving a vehicle upon a roadway to make a left turn upon such roadway outside of an intersection of streets for the purpose of entering any alley, garage, parking lot, filling station or private driveway."

It will be noted that Mr. Robbins testified at the trial in the lower court that he was in the process of making a left turn outside of the intersection when the collision occurred. It seems that he had stopped just west of two motor trucks parked near 19th Street and close to where the collision occurred. The trucks were parked in a loading zone that took up part of Morris Avenue on the north side. These parked vehicles protruded at right angles into Morris Avenue and prevented full use of Morris Avenue on the north side. Mr. Robbins contends that after passing the parked trucks, he stopped for traffic to clear so that he could reach the parking lot. This he was trying to do when Mrs. Voigt drove up, unknown to him, and the collision occurred.

It further appears that plaintiff's attorney in his opening statement to the jury said: "We further expect the evidence to show that he (referring to Robbins) was issued a citation charging him for traffic violation." The trial court sustained defendants' objection to this remark, and in compliance with defendants' request, the trial court instructed the jury:

"Yes, that is excluded from your consideration, that would not have any bearing on the negligence that will be involved in this case, that part is excluded."

This remark of counsel was the basis of Assignment of Error No. 1 in both cases following motion for a mistrial that was overruled.

We will here advert to Assignment of Error No. 3 in both cases which brings to our attention the action of the trial court in overruling motion for a new trial that followed question propounded by plaintiffs' counsel to defendant Robbins as follows:

"Q. Mr. Robbins, you paid a fine to the City of Birmingham for a traffic violation for making an improper turn * * *"

The trial court properly sustained defendants' objection to the question and gave the jury very satisfactory and explicit instructions not to consider this question or its implications.

■ It is our opinion that neither of these assignments of error relative to Robbins' payment of a fine has any merit. While the opening remark of counsel and the aforementioned question have implications that defendant did pay a fine, both were promptly excluded from consideration of the jury. The jury certainly was informed by defendant Robbins' own testimony that he was in process of making a turn in violation of an ordinance of the City of Birmingham. The mere implication that he paid a fine does not alter defendant's own testimony that he violated a city ordinance. Such implication of a fine, and the payment thereof, was improper and properly excluded, but in our judgment not so highly prejudicial as to justify a mistrial or serve as a ground for a new trial. Both of these assignments, 1 and 3, are without merit.

### Assignment of Error No. 5
(Mrs. Voigt's case only)

■ This assignment complains that the trial court committed prejudicial error in stating to the jury in its oral charge that the wanton count was being eliminated for "technical reasons." Defendants excepted to the use of this language, whereupon the trial court proceeded further to explain why the wanton count was eliminated. While the use of the words for "technical reasons" might have been somewhat inept in

charging out this count, we do not think the trial court committed reversible error by use of the language. The court in its oral charge to the jury, after exception, used appropriate and adequate diction as to why this count was eliminated. The contention of appellants that the trial court's diction in the use of the afore-quoted words tended "to put the court in the attitude of casting some distrust, doubt or suspicion upon defendants' case" is without merit.

### Assignments of Error 2 and 15
### (both cases)

■ Appellants complain in assignment 2 of the action of the trial court in refusing to require appellees to offer in evidence the answers of defendant, Joslyn Manufacturing and Supply Company, to certain interrogatories. Assignment 15 in each case complains that the trial court erred in sustaining the objection of appellees to the introduction of such answers of defendant Robbins when offered by appellants. The questions in the interrogatories to Joslyn are as follows:

"10. State the purpose of the trip on which the said Paul H. Robbins was engaged at the time of the said collision.

"11. State his destination on the said occasion and his purpose for going to this destination."

The purported answer of defendant Joslyn Manufacturing and Supply Company to the above questions was as follows:

"10 and 11. The information with reference to the questions asked in these interrogatories is contained in the answers to interrogatories by our employee Paul H. Robbins and his answers are all the information we have in that regard. We hereby adopt those answers."

Obviously, the effect of this answer was to importune plaintiffs to introduce in evidence the answers of defendant Robbins to plaintiffs' interrogatories, whether the answers were favorable or unfavorable to plaintiffs. Defendant Joslyn Corporation did not respond to questions 10 and 11 with specific answers. There was no duty on the part of plaintiffs to cast about in the answers of defendant Robbins for answers to questions 10 and 11. These questions were not specifically answered, and as we have stated, plaintiffs were not under duty to accept the invitation of defendant Joslyn to search somewhere else for answers that were adopted. The answers to questions 1 through 9 were admissible irrespective of plaintiffs' acceptance or rejection of the invitation to search somewhere else for answers to 10 and 11.

### Assignment of Error No. 5
### (H. A. Voigt's case only)

■ Appellants here complain that the trial court erred in overruling their objection as a recoverable item of damages—the bill of Dr. Rowe for treatment of Mrs. Voigt following the collision. Burden was on plaintiff Mr. Voigt to prove that he was entitled to recover on this item. Aplin v. Dean, 231 Ala. 320, 164 So. 737(11). Dr. Rowe testified that the collision "would exaggerate the condition she already had." On cross-examination, witness testified with reference to the treatments accorded Mrs. Voigt from October 1, 1960, one week after the collision, to and including March 1, 1961; that there was no way to tell how many of these treatments would have been necessary if she had not had the accident. He further testified "you couldn't really tell that each one of the treatments was caused by the accident."

■ We think the bill was admissible. Dr. Rowe had already testified that the automobile collision "exaggerated" Mrs. Voigt's physical condition. It also appears from the evidence that Mrs. Voigt had not for sometime before the accident received any medical treatment for her female troubles. If these troubles were activated or "exaggerated" by the collision at the fault of defendants, medical treatments therefor

were recoverable items of damage against defendants. We do not think it was possible for the physician to apportion the expense of treatment to a prior existing condition and the "exaggeration." The "exaggeration" induced further treatment and the expense of such treatment, even though in part referable to an old condition, was recoverable. The bill was properly admitted for consideration of the jury.

### Assignment of Error 6
#### (both cases)

This assignment of error in each case complains of the action of the trial court in overruling appellants' motion for a new trial. Appellants submit that the verdict in each case should have been set aside on motion as being contrary to the great weight of the evidence.

 We have certain basic rules to follow with respect to a motion for a new trial. No ground of a motion for a new trial is more carefully scrutinized and rigidly limited than that the verdict is contrary to the evidence. Marigold Coal, Inc., v. Thames, 274 Ala. 421, 149 So.2d 276(22) ; Southern Railway Co. v. Smith, 221 Ala. 273, 128 So. 228(12). A jury verdict is presumed to be correct, and the presumption is strengthened when the trial judge (as here) overrules the motion for a new trial. Smith v. Smith, 254 Ala. 404, 48 So. 2d 546(6). The Supreme Court will not substitute its judgment, in respect to the amount of damages awarded, for that of the jury and court below, unless the amount is so excessive, or so grossly inadequate, as to be indicative of prejudice, passion, partiality or corruption on the part of the jury. Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514(7) ; 2A Ala.Digest, Appeal and Error ☞1004(3).

Applying the above and other pertinent rules to the instant case, this Court will not disturb the action of the trial court in overruling the motion for a new trial on the ground that the verdict of the jury was contrary to the great weight of the evidence.

 The defendant in his own testimony at the trial admitted he was making a left turn in the middle of the block. This was in violation of an ordinance of the City of Birmingham, quoted above. The violation of a traffic ordinance is negligence per se, and is actionable if an injury proximately results. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471(1) ; 15 Ala. Digest, Negligence, ☞6. The injury to plaintiff and to the car she was driving was clearly the proximate result of the violation. This assignment is not well taken.

### Assignment of Error No. 7
#### (both cases)

This assignment, addressed to both cases, is argued separately as to each case. The contention is that each verdict is excessive and that a remittitur in each case should have been granted by the lower court on motion of appellants. The verdict in favor of Mr. Voigt was $4,000.00.

 The uncontradicted evidence of Mr. Voigt was that his automobile involved in the collision was worth $2,500.00 immediately before the collision and $1,000.00 immediately thereafter. The repair bill was $556.34. The correct measure of damages to an automobile or other personal property, as here, is the difference between the fair market value immediately before and immediately after the injury. Thompson v. Pollock Dry Goods Co., 18 Ala.App. 326, 92 So. 22(1) ; cert. den. 207 Ala. 713, 92 So. 921; Birmingham Ry., Light & Power Co. v. Sprague, 196 Ala. 148, 72 So. 96(3). In an action for damages to an automobile arising from collision with defendant's car caused by the latter's negligence, plaintiff is entitled to recover its depreciation in market value. Cocke v. Edwards, 215 Ala. 8, 108 So. 857(3) ; 7A Ala.Digest, Damages, ☞113. In view of this testimony, the jury may have allocated $1,000.00, the amount claimed, as damages to the automobile.

If we may assume that the remainder of the award ($3,000.00) was allocated to the other asserted damages, we cannot say the

award might have been liberal, that the jury in making the award was actuated by prejudice, passion, partiality or corruption. Hudson v. Stripling, supra, (7). We haven't seen anything in the record to indicate such actuation.

■ Mr. Voigt, in addition to damages to his automobile, asserted damages for the loss of the services, society and consortium of his wife. This loss has been recognized in this state. Birmingham Southern Railway Co. v. Lintner, 141 Ala. 420, 38 So. 363, from which we quote as follows:

"The husband also, of course, has a legal right to the society of the wife, involving all the amenities and conjugal incidents of the relation. This right of society may be invaded by an act which, while leaving to the husband the presence of the wife, yet incapacitates her for the marital companionship and fellowship; and such incapacity may be deprivation of her society, differing in degree only from total deprivation by her death. For such impairment, so to say, of the wife's society, of his right of consortium—such deprivation of the aid and comfort which the wife's society, as a thing different from mere services, is supposed to involve —he is entitled to recover."

See also Graham v. Central of Georgia Ry. Co., 217 Ala. 658, 117 So. 286(1).

We now quote with approval from the case of Denver Consolidated Tramway Co. v. Riley, 14 Colo.App. 132, 59 P. 476, as follows:

"* * * The companionship and society of a wife are not articles of commerce. They cannot be weighed or measured. They are not bought and sold, and no expert is competent to testify to their value. The consideration upon which they are bestowed is not pecuniary. Yet the husband is entitled to compensation in money for their loss, and the amount of that compensation is to be determined by the jury, not from evidence of value, but from their own observation, experience, and knowledge, conscientiously applied to the facts and circumstances of the case. So, also, in relation to the services of the wife. The wife does not occupy the position of a servant, and her services to her husband are not those of a servant. She makes his home cheerful and inviting, and ministers to his happiness in a multitude of ways outside of the drudgery of household labor. All the work of the house may be done by hired employes, and her services still give character to the home. They are not rendered in accordance with set rules. They are not repeated in regular order from day to day. They have their source in the thoughtfulness of the wife, and her regard for her husband; and no witness is qualified to define them, or reduce them to a list, or say what they are worth. So that their value must also be estimated by the jury. * *"

Mrs. Voigt testified that as a result of the collision she was sore in her chest, presumably from contact with the steering wheel; that the soreness lasted for two or three weeks; further, that sometime before the collision, she had had a nervous condition, and nervousness and that sort of thing, but that when the collision occurred she had not had any such trouble for quite awhile and was feeling fine; that after the collision she wasn't able to stay up, but didn't go to the doctor for a week because she thought she would be all right. She said she was sick and didn't feel like staying up, and was in bed most of the time. Then, after one week, she went to the doctor; she was shaky and not able to sleep at night. The doctor gave her medicine and shots for something like 2½ to 3 months. Her condition improved. She did very little housework for 3 weeks, and stayed in bed for 2½ to 3 weeks. After that time, for a couple of months, she was in bed part of the time. She had part-time household help. Dr. George T. Rowe, Mrs. Voigt's physician, testified, by deposition, that her condition was "exaggerated" by the collision.

■ The jury heard all the evidence, saw the witness, and was qualified to assess the husband's damages for the loss of his wife's society and his right to consortium. We are unwilling to disturb the verdict.

■ The jury likewise assessed damages for Mrs. Voigt's pain and suffering. We quote from Mordecai v. Cardwell, 270 Ala. 723, 121 So.2d 898(2, 3), as follows:

"There is no yardstick by which compensatory damages for pain and mental suffering can be measured and the ascertainment of the amount plaintiff is due as recompense for these elements of damage must of necessity be left to the sound discretion of the jury, subject only to correction by this court for clear abuse or passionate exercise. When the presiding judge refuses to grant a new trial, the favorable presumption attending the verdict of the jury is thereby strengthened and on a review of the question here we will not overturn the verdict of the jury or reverse the ruling of the trial court in refusing the new trial unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive and that the excessiveness of the verdict was the result thereof. * * *"

We will not disturb the verdict for Mrs. Voigt because, after a review of the evidence and the trial proceedings as reflected by the record before us, we do not find any indication that the jury was wrongfully influenced. We do not observe from the record any incident in the trial that was calculated to influence the jury so as to justify this court in disturbing the assessment of damages. It does not clearly appear, in fact, it does not appear at all, that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive and that the excessiveness of the verdict was the result thereof.

We are not unmindful that the present value of a dollar as compared with its value in former years, when some of appellants' cited cases were rendered, must be considered in determining whether amount awarded was excessive. The value of the dollar when the verdict was rendered had greatly depreciated. Langdon v. Miller, 276 Ala. 195, 160 So.2d 479.

We think the judgments of the trial court (in both cases) should be and they are affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.