212 So.2d 848

**Stanley PARTAIN**

v.

**Alton Ray COLE.**

**6 Div. 296.**

Court of Appeals of Alabama.

June 25, 1968.

The jurors heard the testimony and saw the witnesses. So did the trial judge who also passed on the motion for a new trial.

This court cannot substitute its judgment for that of the jury and trial court below unless the amount is so *grossly inadequate* as to be indicative of prejudice, passion, partiality or corruption on the part of the jury. Robbins v. Voight, 280 Ala. 207, 191 So.2d 212 (hn. 9); Wilson & Co. v. King, 250 Ala. 90, 33 So.2d 351; Central of Ga. Ry. Co. v. White, 175 Ala. 60, 56 So. 574.

The judgment below is due to be

Affirmed.

Bobby R. Aderholt, Haleyville, for appellant.

Tweedy & Beech, Jasper, for appellee.

CATES, Judge.

Action for damages received when defendant, Cole, negligently drove his automobile into the rear of plaintiff's automobile. The jury returned a verdict in favor of the plaintiff for $500.00. After the court denied his motion for a new trial, plaintiff appealed, claiming solely that the damages so awarded are inadequate.

Under Proposition of Law 1, appellant cites the case of Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, as holding that it is the duty of the trial court to grant a new trial for inadequate damages, where, after making all due allowances, the verdict is clearly unjust. This is a correct statement of the law in abstract, but we cannot hold in the case at bar that the verdict is unjust or clearly unjust. We distinguish McDonald v. Amason, 39 Ala.App. 492, 104 So.2d 716, and Dunn v. Easley, 42 Ala.App. 51, 151 So.2d 791.

Appellant's other Propositions of Law contain such expressions as "undisputed evidence" and "uncontradicted testimony," and likewise are correct statements of the law. However, the tendencies of the instant proof were far from being "undisputed" and "uncontradicted."