ADAMS, Justice.
This is an appeal from a judgment on a jury verdict in favor of the defendants, Richard 0. Gray and Deaton, Inc. The plaintiffs, Alice R. Bell and Henry W. Bell, appeal, arguing that the trial court erred in refusing to grant their motion for a new trial, and arguing further that the verdict was contrary to the great weight of the evidence and should not be allowed to stand. We disagree, and we affirm.
This case arises out of an automobile accident which occurred on Interstate 20 in Cleburne County, Alabama. The Bells were traveling in their automobile when they were struck by a tractor-trailer truck that was changing lanes. The trailer truck was operated by Richard 0. Gray, who was employed by Deaton, Inc. The parties concede that the accident was Gray’s fault and that, at the time of the accident, Gray was acting within the scope of his employment. The issue in the case, therefore, is whether the alleged injuries suffered by Mrs. Bell were, in fact, the result of the accident. Mr. Bell’s claim is for loss of consortium.
In considering the appropriateness of the jury verdict in favor of the defendants and the trial court’s denial of the motion for new trial, we note:
“There is no question but that in this jurisdiction a jury verdict carries with it a presumption of correctness and when, as here, the trial court refuses to grant a motion for a new trial, that presumption is strengthened. Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97, 103 (1970); T.R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706, 716 (1966); Robbins v. Voight, 280 Ala. 207, 191 So.2d 212.”
Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776, 777 (1973). In the present case, the record indicates that Gray admitted that the accident was his fault. Immediately following the accident, Gray checked with the Bells, who assured him that they were all right, and he notified the state troopers of the accident. When the troopers arrived, the Bells likewise informed *206 them that they had not been injured. The evidence indicates that following the incident, the Bells continued on to J.C. Penney’s department store before returning home. In addition, they both admit that several days elapsed prior to Mrs. Bell’s consulting her physician complaining of pain in her shoulder and neck; however, they contend that the evidence is undisputed that these injuries were a result of the accident. We disagree. There was evidence which, if believed by the jury, tended to show that Mrs. Bell had received treatment for a neck problem, diagnosed as degenerative arthritis or degenerative disk disease, prior to the incident in question. There was also evidence from Mrs. Bell’s doctor that she was somewhat “hysterical,” and that her anxiety tended to magnify her complaints. Although the Bells seemed certain that Mrs. Bell’s problems stemmed directly from the accident, the jury certainly had sufficient evidence to support a finding that any complaints or injuries she had following the accident, were not, in fact, a result thereof.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.